The State v. Lawson.

THE STATE OF KANSAS V. A. LAWSON.

PROHIBITORY LIQUOR LAW — *Violation — Limits of Evidence for the State.* Where the county attorney files with an information charging violations of the prohibitory liquor law a statement of the testimony taken before him under authority of ¶ 2543, General Statutes of 1889, of sales made by the defendant, and no other specification of the particular violations intended to be given in the evidence is made or filed, the state will be confined in its evidence to the sales thus specified in the statement, and testimony of violations not therein referred to is inadmissible. (*The State v. Whisner*, 35 Kas. 271.)

*Appeal from Wyandotte District Court.*

THE opinion states the case. From a conviction and sentence on May 20, 1890, the defendant *Lawson* appeals.

*Hale & Fife*, for appellant.

*John N. Ives*, attorney general, and *Winfield Freeman*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from a conviction for a violation of the prohibitory liquor law. The information charged A. Lawson with three distinct offenses, in three counts, and was verified by the county attorney on information and belief. Prior to the filing of the information, the county attorney, in pursuance of ¶ 2543, General Statutes of 1889, caused a witness to be brought before him and examined as to his knowledge of violations of the prohibitory liquor law by the appellant, and, in answer to questions, the witness stated that he knew of sales made by appellant to himself and to four other persons. The statement of the testimony so taken was attached to and filed with the information. The names of those .mentioned in the statement, as well as of numerous other persons, were indorsed upon the back of the information as witnesses for the State. In the course of the trial several witnesses testified, over objection, to specific sales not referred to in the statement filed with the information; and this is the particular ground of complaint.

The statement by the witness examined before the county attorney, and which is filed with the information, constitutes a bill of particulars, specifying the particular offenses on which the state relies. It is filed for the benefit of the defendant, and gives notice to him of what is intended to be given in evidence. Having filed this statement and specification, the prosecutor is confined in his proof to the offenses particularly specified. If he desires to offer proof of other sales, he could, with the permission of the court, have filed an additional specification or bill of particulars. This question was before the court in *The State v. Whisner*, 35 Kas. 271. In respect to this statement, it was there said:

"The county attorney clearly had the right, for the benefit of the defendant, to file with his information a bill of particulars, or any sworn statements, showing what specific offenses he intended to charge, when he verified the information. All of this enabled the defendant to prepare his defense, and

after such statements or evidence had been filed with the information, the defendant could not be convicted of any offense not therein referred to or set forth."

See also *Commonwealth v. Snelling*, 15 Pick. 321; *Commonwealth v. Giles*, 1 Gray, 466; 1 Bish. Cr. Proc. § 643.

While there seems to be abundant testimony to establish the sales that were particularly specified, we are unable to say from the record that the defendant was not convicted of sales not specified. Only three offenses were charged, and there is testimony of many more than three sales by Lawson; but the state did not elect to rely on any particular sale about which testimony was given; so we cannot say that the conviction was not for sales to McNinney, Pugh, and others — sales not specified or referred to in the statement filed by the county attorney.

For this error there must be a reversal of the judgment, and a new trial.

All the Justices concurring.