The State v. Hescher.

### THE STATE OF KANSAS V. JULIUS HESCHER.

1. INTOXICATING LIQUOR—*Unlawful Sale—Statement Verified—Infor-
mation, Not—Conviction.* In prosecutions for selling intoxicating
liquor in violation of the prohibitory law, when the information is
not verified by the oath of the county attorney, and there is filed
with it the testimony of a private citizen at an examination made
by the county attorney, the defendant cannot be found guilty of any
offense except one of which the person who was examined by the
county attorney had notice or knowledge at the time of his exami-
nation.

2. INSTRUCTION—*Refusal, Error.* At the trial of such a case, it is error
for the trial court to refuse to instruct the jury, at the request of the
defendant, "That no conviction can be had of any offense except
such as the county attorney, or the party who made the statement
that was filed with the information, knew of at the time; and if you
believe from all the facts and circumstances surrounding the case
that any offense, relied upon for conviction by the prosecution, was
not known by the county attorney, or such person who made such
statement, then you cannot convict of such offense," when it ap-
pears from the record that neither the information nor the state-
ment filed with it charges any such offense.

*Appeal from Wyandotte District Court.*

PROSECUTION for unlawful sales of intoxicating liquor.
Conviction at the September term, 1890. The defendant,
*Hescher,* appeals. The opinion states the facts.

*Brown & Kline,* for appellant.

*J. N. Ives,* attorney general, and *Winfield Freeman,* county
attorney, for The State.

Opinion by SIMPSON, C.: The appellant was convicted in
the district court of Wyandotte county for a violation of the
prohibitory liquor law on four counts, and sentenced to pay
a fine of $100, and to be imprisoned in the county jail for
30 days, on each of the four counts. He appeals to this
court from the judgment of conviction, and complains that
the information was not verified, and that two jurors were
improperly placed in the box by the trial court. In view of

other and more serious errors, we do not deem it necessary to discuss these questions.

He was convicted on the first count upon a sale to a party unknown, in the month of July, 1889. There was filed with the information the testimony of one witness named John M. O'Neil, and the information was not supported by any other testimony. On the examination of O'Neil by the county attorney, he was asked to "state the names and residences of all persons you have seen buy and pay him for intoxicating liquors since the 1st day of June, 1890." O'Neil answered this by giving the names of 20 persons. This conviction was based upon a sale to a party unknown. O'Neil enumerated all persons to whom he had knowledge of sales having been made. This conviction was based upon a sale made in 1889. The sales testified to by O'Neil were made since June 1, 1890. It is consequently shown that the prosecuting witness had no knowledge of the sale upon which conviction was had at the time the information was filed. These facts bring this particular sale within the cases of *The State v. Brooks*, 33 Kas. 708, *The State v. Skinner*, 34 id. 265, and the subsequent cases; so, as to the conviction upon the eleventh count, which was for a sale to one W. W. Berry, in August, 1890, he not being one of the persons enumerated in the testimony of O'Neil. (*The State v. Whisner*, 35 Kas. 271; *The State v. Lawson*, 45 id. 339.)

On the third and fourth counts the conviction was based upon a somewhat different state of facts. But the defendant asked the trial court to instruct the jury as follows:

"The court further instructs the jury that no conviction can be had of any offense except such as the county attorney, or the party who made the statement that was filed in this action with the information, knew of at the time; and if you believe, from all the facts and circumstances surrounding this case, that any offense relied upon for conviction by the prosecutor was not known by the county attorney, or such person who made such statement, or that said county attorney, or such other person who made such statement, had some infor-

mation in relation to it, then you cannot convict of such offense."

This instruction, as asked for, had application to the facts as presented on the trial; it embodies the law as declared by this court; and it was material error to refuse to give it unless the substance of it was embraced in the general instructions given to the jury. Unfortunately we have not been able to find the substance of this instruction, or the question presented by it, referred to in the instructions that went to the jury.

We recommend that the judgment of conviction be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.