## THE STATE OF KANSAS v. MIKE ETZEL.
### No. 360.

INFORMATION—*Verification by Prosecutor—Personal Knowledge.* It is not necessary, in a prosecution under the prohibitory law, that the prosecuting witness should have actual personal knowledge of the transactions charged in the information. It is sufficient if he have notice or knowledge thereof, and had the offenses in contemplation when he verified the information which the witness testified to, and for which the defendant was convicted.

MEMORANDUM.—Appeal from Shawnee district court; Z. T. HAZEN, judge. Mike Etzel was convicted of the unlawful sale of intoxicating liquor. He appeals. Affirmed. The opinion herein, filed January 9, 1896, contains a sufficient statement of the case.

*James J. Hitt,* for appellant.

*F. B. Dawes,* attorney general, and *H. C. Safford,* county attorney, for The State.

43—2 APP.

The opinion of the court was delivered by

GILKESON, P. J. : Prosecution for the unlawful sale of intoxicating liquor. Conviction had at the January term, 1895. The defendant, Etzel, appeals. The information filed in this action contains seven counts, charging the defendant in the first, second, third, fourth and fifth counts with having sold intoxicating liquors at No. 112 Klein street in the city of Topeka during the month of March, A. D. 1895 ; and in the sixth and seventh counts with having at the same place sold intoxicating liquor during the month of February. The information is sworn to positively by one D. N. Burge. After the testimony was in, the state elected to rely for a conviction upon the first, second and third counts of the information upon alleged sales made upon the 4th day of March and testified to by Kimball and Meredith, and upon the fourth count as testified to by Kimball and Woods of sales made on the 5th day of March, and on the sixth count as testified to by Meredith of sales on the — day of March, 1895. Kimball and Meredith were the only witnesses introduced on behalf of the state who testified to any sales. The testimony of Kimball was, that on the 4th day of March he purchased a half pint of whisky from the defendant, and paid him 50 cents therefor, and that on the same day he purchased at one time six glasses of beer from the defendant, and at another time on the same day he purchased of and paid the defendant for six glasses of beer ; that Meredith was present at the time he made the purchase above mentioned ; that on the next day, the 5th of March, he purchased six glasses of beer from the defendant, paid him for the same, and that one Woods was with him at the time. Meredith testified that on the 4th day of

March he purchased a half pint of whisky of the defendant, paid him therefor, and that Kimball was present at this time; that the same evening Kimball purchased of the defendant six glasses of beer at one time, and six glasses of beer at another, and paid him for each of them. Woods testified that he never had purchased any beer of the defendant, never had seen any one purchase beer there, but that he drank beer there, but never saw any one pay for it. And this was all the testimony with reference to the sales of liquor made by the defendant as charged in the information. D. N. Burdge, who verified the information, testified that he never saw the defendant sell any intoxicating liquors; that the witnesses Kimball and Meredith had informed him that he was selling liquor — beer and whisky — and informed him of the sales which were testified to upon the stand; that at the time he swore to the information he had in contemplation what Kimball and Meredith told him, and the alleged sales made to them, as testified to by them in this case; he had no personal knowledge of any sales, and that all he knew was what the witnesses Meredith and Kimball told him. This was all the testimony offered.

The defendant requested the court to instruct the jury as follows:

"That no conviction can be had on any offense except such as D. N. Burdge knew of at the time the information was filed, and if you believe from all the testimony in this case that any offense relied upon for conviction by the prosecution was not known by said D. N. Burdge at the time this information was filed, that you cannot convict on such offenses. The knowledge referred to in the foregoing instruction means personal knowledge, not hearsay, or what some one else may have told him, and although you may

believe from the evidence that prior to the filing of the information the witnesses Kimball and Meredith may have told said D. N. Burdge of said alleged sales, that would not constitute legal knowledge upon the part of D. N. Burdge.''

These instructions were refused by the court; the court did charge upon this proposition as follows :

''Where an information in this kind of a case is verified by a private citizen, then and in that case I instruct you that the defendant in such a case cannot be convicted of any offense of which the person verifying the information has no notice or knowledge at the time of verifying the information ; and in this case I instruct you that defendant can only be convicted of such offense or offenses as D. N. Burdge, who verified the information, had notice or knowledge of at the time he so verified it ; and if you believe from the evidence that D. N. Burdge had no notice or knowledge of any of the offenses charged in the information at the time of verifying the same, and upon which the state relies for a conviction, then you should acquit the defendant of all the offenses relied upon by the state of which Burdge had no notice or knowledge.''

The jury found the defendant guilty as charged in the first, second and third counts of the information, and not guilty on the fourth, fifth and sixth counts.

There is but one question presented for the consideration of the court in this case, viz. : That the court erred in refusing to give the instructions asked for by the defendant; and on the part of the defendant in support thereof we are cited to several decisions of the supreme court of this state, but we do not think that they apply. This question was not raised in ·The State v. Gleason, 32 Kan. 252 ; that was upon the sufficiency of a complaint verified on information and belief. In The State v. Brooks, 33 Kan. 708, Mr. Justice VALENTINE lays down the rule exactly as given by

the court in its instructions, and Brooks was convicted upon a count in the information of which the prosecuting witness had not "the slightest thought or information." In *The State v. Lawson*, 45 Kan. 339, testimony had been taken before the county attorney, as provided by statute, and filed with the information. Lawson was convicted for sales not mentioned in such testimony. And in *The State v. Hescher*, 46 Kan. 534, the conviction was under the same circumstances as in the Lawson case, and we have failed to find any authority which goes to the extent claimed by the defendant, "that there must be an actual personal knowledge of the offense committed"; in other words, that the party making the complaint must have been present and taken part in the unlawful transaction. For this is what is really claimed by the defendant when he says "that knowledge means personal knowledge and not hearsay." Were this rule adopted, it would only be those who had actually drunk the liquor who would be competent to verify an information. While he might see some one else drink and pay for something, yet, if he did not drink himself, his information or knowledge as to what it was would be hearsay. To adopt a rule of this kind would make it impossible for crime to be punished. There is no contention in this case, as there was in the Gleason case, that no legal foundation had been laid for issuing the warrant. The complaint here was regular in form and supported by positive oath. This conferred jurisdiction. The testimony as to certain sales made at certain times is direct and positive, and the testimony of D. N. Burdge was that he had these identical transactions in his mind—"in contemplation"—when he verified the information. The defendant was found guilty upon

these specific sales, and was convicted of the identical offenses which were in the mind of Burdge at the time he made the complaint. The court instructed the jury fully and fairly, and gave him the benefit of all that was his due under the law, and we do not think that any of his rights were prejudiced.

"An information charging the unlawful sale of intoxicating liquor, verified by the county attorney upon information and belief, is sufficient for all purposes, except to procure the issuance of a warrant and the arrest of the defendants. A verification of such a charge by the county attorney, stating positively that the allegations of the information are true, when in fact he did not see the unlawful sales made, but had received information from other sources, does not invalidate the information, nor prejudice the substantial rights of the defendant." (*The State v. Moseli*, 49 Kan. 142.)

And where a county attorney files an information charging the defendant with keeping a nuisance, and positively verifies the same "as true in substance and in fact," motions to quash the warrant and information, and a plea in abatement upon the grounds that the information is not properly verified, and that the county attorney has no personal knowledge of the facts alleged therein, are properly overruled. We do not think the court erred in refusing the instructions asked for by defendant.

The judgment of the district court must be affirmed.

All the Judges concurring.