## THE STATE OF KANSAS v. JOHN TEGDER.
### No. 658.

1. EVIDENCE—*ample competent, immaterial that some incompetent, is introduced.* Where there is an abundance of competent evidence introduced which conclusively establishes a certain fact, it is immaterial that incompetent evidence is introduced to prove the same fact.

2. UNWILLING WITNESS—*counsel should have latitude with.* A court is justified in allowing counsel considerable latitude in his questions to an unwilling witness.

3. PROHIBITORY LIQUOR LAW—*information under, verified on information and belief, sufficient.* A complaint verified by a county attorney upon information and belief is sufficient for all purposes under the Prohibitory Liquor Law of Kansas except to sustain a warrant when properly attacked.

4. ——— *to convict for nuisance, other sales than one prosecuting witness had in mind may be proven.* To convict the defendant of maintaining a nuisance under the Prohibitory Liquor Law of Kansas, the prosecution need not rely upon sales which the complaining witness had in mind at the time he verified the complaint.

Appeal from Sumner District Court. Hon. J. A. Burnette, Judge. Opinion filed November 16, 1897. *Affirmed.*

*L. C. Boyle*, Attorney General, *John G. Woods* and *H. L. Woods*, for the State.

*D. N. Caldwell* and *W. W. Schwinn*, for appellant.

DENNISON, P. J. The appellant, John Tegder, with one Ed. Six, was arrested upon a warrant issued by a justice of the peace in Wellington, Sumner County, Kansas, charged with violating the Prohibitory Liquor Law of Kansas. Tegder was tried separately, and was convicted upon two counts of unlawfully selling, and upon a third count of maintaining a nuisance. He appealed to the District Court, was again found guilty upon each of the three counts, and was by the court sentenced to confinement in the county jail of Sumner County, Kansas, for a period of three months, to pay a fine of three hundred dollars and the costs of the prosecution, and to remain in jail until such fine and costs were paid. Tegder appeals from the judgment of the District Court and brings the case here, asking a reversal of the judgment because of the alleged errors committed by the District Court.

The first assignment of error is, that the Court erred in permitting the introduction of incompetent and improper evidence. Our attention is called to the testimony of H. L. Woods, the County Attorney, who testified that he went to Hayes' drug store and called for and borrowed two bottles of Pabst's Bohemian beer. He offered these bottles in evidence, with especial reference to the labels upon them. The record recites that appellant objected to this as incompetent, irrelevant, and immaterial, and for the reason that no sufficient foundation had been laid for their introduction in evidence. The objection was overruled. The labels are not contained in the record, and the record is silent as to whether they were shown to the jury or considered by them. If any further use was made of them, the counsel for appellant does not in-

764      THE STATE v. TEGDER.

S. Dept.      Opinion. Dennison, P. J.      6 Kan. App.

form us as to where the record recites the fact. This would be immaterial anyway, as there was an abundance of competent evidence introduced that the cases and bottles seized contained beer.

It is also contended that the court erred in permitting the county attorney to ask A. Logan what his testimony had been on the former trial, for the reason that his evidence upon the former trial could not be evidence against the appellant on this trial. These questions were asked the witness for the alleged purpose of refreshing his memory. A glance at the record shows that Logan was a very unwilling witness. The court was justified in allowing the county attorney to ask this witness these questions.

The second assignment is, that the court erred in overruling the appellant's motion, made at the close of the evidence upon the trial, to be discharged. His claim for discharge is, that the complaint was sworn to by James McKinney while the witnesses testified to sales made to Pat Kinney, which was not proof of sales made to James McKinney.

There are several reasons why the court did not err in overruling this motion. *First*, the county attorney verified the complaint upon information and belief, which is sufficient for all purposes except to sustain the warrant when properly attacked; *second*, the defendant was charged with maintaining a nuisance, and the prosecution need not rely upon sales which the complaining witness had in his mind at the time he verified the complaint, to convict the defendant upon this count; *third*, the prosecuting witness was sufficiently identified by the witness Dodson, who testified that Pat Kinney purchased beer and whisky in Tegder's place of business. He testified that some called him Pat, and some called him James; that some called

·him Kinney, and some called him McKinney. The name, James McKinney, is signed to the complaint by his mark, and no question is raised but that the person who bought and paid for the liquors and the complaining witness are not one and the same person, except as raised in appellant's brief.

The third and fourth assignments are, that the court erred in refusing and in giving instructions to the jury. The instructions complained of are not set out *totidem verbis*, as required by rule seven of this court. It is therefore difficult for us to determine just the errors complained of.

We have made a careful examination of the instructions asked for and those given by the court, and we are satisfied that the court committed no error either in refusing or in giving instructions, and we are satisfied that the defendant has had a fair trial.

The judgment of the District Court is affirmed.