THE STATE OF KANSAS v. W. F. HUGHES.

### No. 796.

1. INTOXICATING LIQUORS—*Knowledge of Prosecuting Witness—Case Followed.* " It is not necessary, in a prosecution under the prohibitory law, that the prosecuting witness should have actual personal knowledge of the transactions charged in the information. It is sufficient if he had notice or knowledge thereof, and had the offenses in contemplation when he verified the information which the witness testified to, and for which the defendant was convicted." (*The State v. Etzel*, 2 Kan. App. 673, 43 Pac. 798.)

2. ——— *Unwilling Witness—Examination.* Where it is apparent to the trial court that a witness is unwilling, that he is hostile to the party calling him or to the subject-matter, and that his answers are evasive, an examination may be permitted partaking of the character of cross-examination.

3. ——— *Former Statements of Witness—Refreshing Recollection.* Where a prosecuting attorney is surprised by the unexpected and unfavorable testimony of a witness called on behalf of the state, he may, for the purpose of refreshing the memory and awakening the conscience of the witness, read from an affidavit made by the witness relating to the same subject-matter, and inquire of the witness if he made such statements.

Appeal from Reno district court; MATTHEW P. SIMPSON, judge. Opinion filed February 17, 1899. Affirmed.

*Lucius M. Fall*, county attorney, for The State.

*H. Fierce*, for appellant.

The opinion of the court was delivered by

SCHOONOVER, J. : The defendant, W. F. Hughes, was charged in the district court of Reno county with violating the prohibitory law. The information contained six counts and was sworn to positively by the prosecuting attorney. The defendant was convicted on the first and second counts. After the state had

introduced its evidence, the prosecuting attorney elected to rely for a conviction on the first and second counts, on sales of brandy to the witness Jordan Harris in June and July. The defendant placed the county attorney on the stand as a witness in his behalf, and asked him the following questions :

"Ques. Now, then, did you have in mind when drawing the fourth count of this information in case No. 7746 any sales made to Jordan Harris? Ans. I did not.

"Q. You did not? A. No, sir. I got his affidavit on the 29th day of December last, the first I knew he bought any brandy there or any other liquor.

"By the defendant : We move to strike out the statement that it was the first he knew that he had bought brandy there.

"By the court : I will strike out the word 'knew' and let him insert the word 'information.' With that change I will overrule the motion.

"Q. Mr. Fall, in drawing the information in the case of *State of Kansas v. W. F. Hughes*, No. 7828, the case now under consideration, did you have in mind the sales made to Yoder either under the first, second, third, fourth or fifth counts of the information?

"By the state : I object to the question as leading, immaterial ; I have made my election.

"By the court : Objection sustained.

"By the defendant : Except to the ruling of the court.

"Q. What sales did you have in your mind in drawing the information in case No. 7828, and each count thereof, from 1 to 5, inclusive?

"By the state : I object, as incompetent, irrelevant, and immaterial.

"By the court : Objection sustained.

"By the defendant : Except to the ruling of the court.

"Q. I will ask you if you know what sales or alleged sales you had in mind in drawing the first count in the information in case No. 7828?

"By the state : I object, as incompetent, irrelevant, and immaterial.

"By the court : Objection sustained.

"By the defendant : Except to the ruling of the court.

"Q. You may state what sale you had in mind when you drew and filed this information in this case, in the second count thereof? A. I presume I had the sale according to the election there.

"Q. Do you know whether you did or not?

"By the state : I object, as incompetent, irrelevant, and immaterial.

"By the court : Objection sustained.

"By the defendant : Except to the ruling of the court."

The refusal of the trial court to require the county attorney to answer these, with other questions of similar import, is complained of. It appears from the record that the name of Jordan Harris, witness, to whom sales were made on which the county attorney elected to rely for a conviction, was indorsed on the information. It further appears that an affidavit was procured by the prosecuting attorney from Jordan Harris on the 29th day of December, and that from the affidavit he obtained information that Harris had purchased brandy from the defendant. The information in this case was sworn to positively by the prosecuting attorney on the 31st day of December, 1897. We cannot say that the substantial rights of the defendant were prejudicially affected by the refusal of the trial court to require the prosecuting attorney to answer the questions complained of. It is evident that the prosecuting attorney had notice or knowledge of sales made to Jordan Harris two days before the information was sworn to. This is sufficient. This court held, in *The State v. Etzel*, 2 Kan. App. 673, 43 Pac. 798 :

"It is not necessary, in a prosecution under the

prohibitory law, that the prosecuting witness should have actual personal knowledge of the transactions charged in the information.   It is sufficient if he have notice or knowledge thereof, and had the offenses in contemplation when he verified the information which the witness testified to, and for which the defendant was convicted.''

It is further contended that the trial court erred in permitting the prosecuting attorney to cross-examine his own witness beyond all rules of propriety.   The examination of this witness, as it appears in the record, has been examined, and it is apparent that he was an unwilling witness.   He appears to have been hostile to the prosecution or to the subject-matter. His answers, in our opinion, were evasive.   Reviewing courts have always given to trial courts a wide discretion in such matters, and the rigid rule as to leading questions is relaxed and a more searching mode of examination is permitted.   The witness had made an affidavit before the county attorney, his examination on the witness-stand was inconsistent with his statements made in the affidavit, and the trial court permitted the prosecuting attorney to read from the affidavit and then inquire of the witness if he did not make the statements.   In the case of *Hurley v. State*, 46 Ohio St. 320, 21 N. E. 645, the court said :

''A party who calls a witness, and is taken by surprise by his unexpected and unfavorable testimony, may interrogate him in respect to declarations and statements previously made by him, which are inconsistent with his testimony, for the purpose of refreshing his recollection and inducing him to correct his testimony or explain his apparent inconsistency ; and for such purpose his previous declarations may be repeated to him, and he may be called upon to say whether they were made by him.''

In the case of *The State v. Tegder*, 6 Kan. App. 764, 50 Pac. 985, this court said :

" It is also contended that the court erred in permitting the county attorney to. ask A. Logan what his testimony had been on the former trial, for the reason that his evidence upon the former trial could not be evidence against the appellant on this trial.   These questions were asked the witness for the alleged purpose of refreshing his memory.   A glance at the record shows that Logan was a very unwilling witness.   The court was justified in allowing the county attorney to ask this witness these questions."

From a careful review of the record, we are convinced that the defendant was given a fair trial, that he had notice of the offense charged and of which he was convicted, and that no error prejudicial to his legal rights was committed by the trial court.   The judgment of the district court is affirmed.