The State v. Whit.

---

*THE STATE OF KANSAS, *Appellee,* v. ED WHIT, *Appellant.*

No. 12,224.

HEADNOTE BY THE REPORTER.

INTOXICATING LIQUORS—*Verified Information—Sale to One Not Mentioned in "Bill of Particulars."*   In a prosecution for violating the prohibitory law, the fact that a sworn statement showing a sale to one person accompanies an information positively verified does not confine the issue to the sale to such person; but a conviction may be had on a sale to anyone, since, the information being positively verified, such accompanying statement is unnecessary and immaterial.

Appeal from Reno district court.   Opinion filed June 8, 1901.   Division one.   Affirmed.

*Prigg & Williams,* for the appellant.

*A. A. Godard,* attorney-general, *Carr W. Taylor,* and *J. U. Brown,* for the appellee.

* NOTE.—This case was not reported in full when the opinion was filed (see 63 Kan. 882, 65 Pac. 234), and is reported here because it is cited in the case of *The State v. Hargis,* ante, p. 873.

*Per Curiam:* This was a prosecution for violation of the prohibitory law. The defendant was convicted on one count, and appeals. The information charged him on five counts, and was positively verified. There was filed with the information a statement under oath, or "bill of particulars," showing a sale to one Brownfield. The conviction was had for a sale to one Watson. The contention is that no evidence ought to have been considered except as to sales made to Brownfield, and that no conviction could be had except upon such sale. In support of which contention the cases of *The State v. Whisner,* 35 Kan. 271, 10 Pac. 852, *The State v. Lawson,* 45 Kan. 339, 25 Pac. 864, and *The State v. Hescher,* 46 Kan. 534, 26 Pac. 1022, are cited.

In those cases the informations were verified upon information and belief, and the bills of particulars were filed to show the ground of such information and belief. In this case the information was sworn to positively, and needed no "bill of particulars" to give it efficiency. The filing of the sworn statement of Brownfield neither added to nor took from the information, and under it the defendant might have been convicted by showing a sale to any one within two years.

It is further objected that the evidence of a sale to Watson is not sufficient to sustain a conviction. We think it is.

The judgment of the district court is affirmed.