No. 30,111.

The State of Kansas, *Appellee*, v. Pete Parks, *Appellant*.

(1 P. [2d] 261.)

Opinion filed July 3, 1931.

*A. M. Thomas* and *E. T. Reynolds,* both of Topeka, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *J. Glenn Logan,* county attorney, and *Lester Goodell,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

Dawson, J.: The defendant was convicted of being a persistent violator of the prohibitory law and sentenced to one year's penal servitude.

He assigns various errors which cannot be reviewed because no transcript of the record was obtained and the abstract submitted

for our perusal contains none of the testimony except that given by one Clarence Pierson, a witness for the state. A perusal of that testimony tends to show that the prosecuting attorney was not quite satisfied with Pierson's frankness and candor, and over defendant's objection the trial court permitted the county attorney to call Pierson's attention to certain pertinent testimony he had theretofore given at a liquor inquisition. The record in part reads:

Witness Pierson, testifying:

"A. I walked up to the car and asked if they knew where I could get some liquor, and one fellow said he thought so.

. . . . . . . . . . . . . .

[COUNTY ATTORNEY]: "Was the defendant in the car? . . . A. Well, I don't know. . . .

. . . . . . . . . . . . . .

[COUNTY ATTORNEY]: "Do you remember being in my office with Pete Parks the morning you were arrested? A. I remember being in the office with a colored man, all right.

[COUNTY ATTORNEY]: "Well, it was Pete Parks, wasn't it?

"THE COURT: Just tell the facts about it.

"A. Well, I guess it was him.

[COUNTY ATTORNEY]: "You sat in there with him and I talked with him and then talked with you, and the stenographer took it down? A. I sat in there with the same man that is in the county jail with me.

[COUNTY ATTORNEY]: "Well, that is he? A. I guess.

"THE COURT: Don't say you guess.

[COUNTY ATTORNEY]: "That is the fellow that was in my office the morning you were arrested? A. Yes, sir.

[COUNTY ATTORNEY]: "And I asked you that morning if he was the man, in his presence—if he was the man you bought the whisky from?

[COUNSEL FOR DEFENDANT]: "I want to object to this form of the county attorney examining his own witness.

"THE COURT: It won't make any difference. He is perfectly within his rights. Overruled. There are times when that is perfectly proper."

Defendant contends that he was prejudiced by this cross-examination of the state's own witness. But it is well settled that where a witness is evasive or uncandid when being examined by the party calling him, he may be cross-examined, and the extent to which this may be done is left to the sound discretion of the trial court. (*State v. Hughes,* 8 Kan. App. 631, 56 Pac. 142; *State v. Spidle,* 42 Kan. 441, 22 Pac. 620; *State v. Hamilton,* 74 Kan. 461, 87 Pac. 363; *State v. Gaunt,* 98 Kan. 186, 191, 157 Pac. 447; *State v. Terry,* 98 Kan. 796, 161 Pac. 905.)

It is also contended that the testimony of witness Pierson tended

to implicate defendant in another offense (illegal possession of liquor) than the one on which he was being tried. It is settled law, however, that if the evidence tends to throw light on the question at issue—the guilt or innocence of defendant of the crime charged against him—it is admissible although perchance it may also tend to implicate him in another crime or many crimes. . (*State v. King,* 111 Kan. 140, 144, 206 Pac. 883, and citations.)

Counsel for defendant seem to discover an analogy between the case at bar and that of *State v. Keefe,* 54 Kan. 197, 38 Pac. 302, where it was held that the unauthorized declarations of another person not made in the presence of the accused were not admissible in evidence against him. This salutary rule was not breached in the instant case. At the conclusion of the examination of the manifestly evasive and uncandid witness Pierson, the record reads:

"THE COURT: I will say further to the jury that this statement taken in the county attorney's office was not introduced in evidence, and the jury can only consider whatever was testified to by the witness Pierson on the stand. I think you understand it. His attention was called to some of the questions, and whatever was testified to on the stand is competent, but not the statement given, unless it should be the same, of course.

[COUNSEL FOR DEFENDANT]: "We want the record to show that the defendant objected to counsel reading from that statement. We think that is highly improper.

"THE COURT: I don't think he did read from it. What he has undertaken to say, as I understand him, was that he testified to those things here on the stand. If there was anything outside of that, the jury, of course, cannot consider it.

[COUNSEL FOR THE STATE]: "That was my intention, to call attention to the testimony in this case."

The next error assigned is based upon the giving òf oral instructions to the jury—being the matter just quoted. But the trial court's timely explanation to the jury that what the witness Pierson had stated at the county attorney's inquisition was not evidence for them to consider was not the sort of instructions covering the pertinent law of a criminal case such as the statute requires the court to give to the jury in writing. (R. S. 62-1447; *State v. Potter,* 15 Kan. 302; 38 Cyc. 1763-1766.)

The partial record presented for our review contains no error, and the judgment is affirmed.