No. 44,813

RICHARD D. TYRELL, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(427 P. 2d 500)

Opinion filed May 13, 1967.

*Keith G. Sebelius*, of Norton, argued the cause and was on the briefs for the appellant.

*Elmo Lund*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by the petitioner, Richard D. Tyrell, from a ruling of the trial court denying relief in proceedings under K. S. A. 60-1507.

On January 5, 1965, the petitioner was convicted of forgery in the third degree (K. S. A. 21-616) after entering a plea of guilty. The trial court admitted evidence of two prior convictions and imposed sentence of not less than fifteen years in the Kansas State Penitentiary pursuant to K. S. A. 21-616, 21-631 and 21-107a.

Thereafter the motion involved in this appeal was filed. On June 2, 1965, the trial court made findings of fact and conclusions of law on petitioner's motion and held the motion, files and records conclusively showed that petitioner was entitled to no relief. Present counsel was appointed and perfected this appeal.

Petitioner presents three points for review. All of his contentions have to do with the imposition of an enhanced sentence pursuant to the Habital Criminal Act (21-107a, *supra*).

Petitioner's first, and principal, contention is that he did not have adequate notice of the state's intention to invoke the provisions of the Habitual Criminal Act. In this connection the trial court set out a portion of the transcript of the sentencing proceedings and

found that petitioner's present contentions are absolutely contrary to his statements at the time of his plea in the criminal action. The record shows that petitioner was represented by counsel at his preliminary hearing and that the same counsel was appointed in the district court. The transcript of the sentencing proceedings discloses the following:

"THE COURT: Have you had the opportunity to confer with him at such times as you desired to do so about this case?

"MR. TYRELL: Yes, sir.

"THE COURT: Has he fully explained your rights to you in this matter?

"MR. TYRELL: Yes, sir.

"THE COURT: Has he explained to you the possibility that the Court can invoke the habitual criminal act in this case if it is shown previous convictions?

"MR. TYRELL: Yes, sir.

"THE COURT: You have been advised of the possible penalty that could be imposed upon you upon your plea of guilty in this case?

"MR. TYRELL: Yes, sir.

"THE COURT: Do you have any objection or complaint of the manner in which your counsel has conducted this matter either here or in the lower Court?

"MR. TYRELL: No, sir.

"THE COURT: His services on your behalf have been satisfactory, have they?

"MR. TYRELL: Yes, sir.

"THE COURT: Has there been any promise or inducement made to you by any officer, the Sheriff or the County Attorney, to induce this plea of guilty?

"MR. TYRELL: No, sir.

"THE COURT: You did write the name of DeWayne Carroll on this check, did you?

"MR. TYRELL: Yes, sir.

"THE COURT: Has there been anything in this case to induce you to enter this plea of guilty, or did you enter this plea of guilty because you are guilty, in fact, of the crime as charged?

"MR. TYRELL: Yes, sir.

"THE COURT: Upon your plea of guilty the Court finds you guilty of forgery in the third (3rd) degree as charged in the information. Mr. Tyrell, if you will please stand. Upon your plea of guilty the Court has found you guilty as charged in the information. Do you have any legal excuse to offer why the judgment and sentence of this court should not be passed upon you at this time?

"MR. TYRELL: No, sir.

"THE COURT: Is there any further evidence to offer in this case, Mr. County Attorney?

"MR. LUND: Yes, Your Honor. I have evidence of prior felony convictions, and I would like to have them marked and offered in evidence.

"(Thereupon, State's Exhibits No. 1 and No. 2 were marked identification.)

"MR. LUND: I offer State's Exhibits 1 and 2 in evidence.

"MR. MEYER: I have had an opportunity to examine them, Your Honor.

"THE COURT: They will be received. Mr. Tyrell, you may be seated.

"(Thereupon, State's Exhibits No. 1 and No. 2 were handed to the Judge for examination.)"

It is obvious, from the above quoted portions of the transcript showing petitioner's own admissions and the statement of his counsel, that the records of the prior convictions had been previously examined and further that the petitioner and his attorney both knew of the state's intention to invoke the Habitual Criminal Act. It follows that we must agree with the trial court's findings in this regard that the record conclusively shows petitioner and his attorney had adequate notice.

The state offered evidence of a prior felony conviction on November 16, 1959, in the Trego County district court, about which petitioner makes no complaint, and felony convictions in the district court of Red Willow County, Nebraska, on March 23, 1961, about which petitioner makes his second and third contentions.

Petitioner claims the Nebraska convictions could not be used for the reason that the offenses charged therein were not felonies under Kansas law. The Nebraska convictions referred to stemmed from nine counts in which felonious violations of the Nebraska no-fund check law (Section 28-1212, Neb. R. R. S. 1943) were charged. Petitioner entered a plea of guilty and was sentenced to an indeterminate period of not less than one year nor more than eighteen months at hard labor in the State Reformatory for men at Lincoln, Nebraska. The sentence amounts to punishment by which a felony is defined in Section 29-102 Neb. R. R. S. 1943.

Petitioner argues that since each no-account check, involved in the Nebraska conviction, was for an amount less than $50 such offenses would have been misdemeanors rather than felonies under the Kansas law and therefore the Nebraska convictions cannot be considered felony convictions within the provisions of 21-107a, *supra*.

Our statute provides that judgment in such cases shall not be given for increased penalty unless the court shall find from the record and other competent evidence the fact of former convictions for felony committed by the prisoner "in or out of this state." In *State v. Stiff*, 148 Kan. 224, 80 P. 2d 1089 (rehearing 148 Kan. 457, 83 P. 2d 424), the state sought an increased penalty based upon prior federal court convictions for conspiracy. The defendant argued that conspiracy was not a felony under the Kansas statutes,

since conspiracy was not declared to be a crime under Kansas law. We stated:

". . . The statute specifically applies to a former conviction of felony 'in or out of this state.' (And see *In re Minner* [133 Kan. 789, 3 P. 2d 473], *supra*.) A few cases from other states are cited by appellant in support of his views, but in those states the statute before the court differed materially from our statutes; hence, the cases are not in point." (p. 228.)

The statutes of other states referred to in the *Stiff* opinion require that a felony conviction in the convicting state must have amounted to a felony in the enacting state. Jurisdictions with statutes similar to our 21-107a, *supra*, generally hold, as this court did in *Stiff*, that under the "in or out of this state" provision it is only necessary that the conviction be for a felony in the convicting state. (See 19 A. L. R. 2d, Anno., pp. 227, 232, § 4.)

It is true, as petitioner points out, that at the time of his Nebraska convictions the comparable offenses under the Kansas insufficient or no-fund check law (G. S. 1961 Supp., 21-555, now K. S. A. 21-555) would have been misdemeanors as the checks in question in the Nebraska convictions were all of amounts of less than $50.

Pursuant to the construction of our statute, as announced in *State v. Stiff*, supra, since each count in the Nebraska conviction was clearly defined as a felony under Nebraska statutes, we find the Nebraska convictions to have been prior felony convictions within the purview of 21-107a, *supra*.

Petitioner next asserts the Nebraska convictions cannot serve as prior felony convictions to enhance his penalty for the reason that petitioner was without counsel in the Nebraska court. In this connection the journal entry of the Nebraska court shows "Defendant was also advised of his right to counsel but stated, in open court, that he did not desire counsel." The Nebraska statute in effect at the time, Section 29-1803, Neb. R. R. S. 1943 (since repealed, Laws of 1965, Chap. 151, Sec. 5, now Section 29-1803.01, *et seq.*, Neb. R. R. S. 1965 Cum. Supp.), provided for the appointment of counsel in felony cases but unlike our statute (K. S. A. 62-1304) it did not require a written waiver of counsel nor an affirmative finding by the trial court that appointment of counsel would not have been to defendant's benefit.

In the instant case the journal entry of the Nebraska convictions shows that petitioner was specifically advised of his right to counsel and that he affirmatively declined. Petitioner does not challenge

the correctness of the Nebraska journal entry nor does he make any showing to the effect that his waiver of counsel was not intelligently or understandably made. Petitioner's position on this point, as we understand it from his brief and record on appeal, appears to be that a waiver of counsel under any circumstances amounts to a denial of constitutional due process. His position on this point is untenable. Even though assistance of counsel is provided by statute, the Nebraska court has continued to hold that counsel may be waived by an intelligent relinquishment or abandonment of the right by the accused. (*Case v. State*, 177 Neb. 404, 129 N. W. 2d 107 [1964]; *State v. Ninneman*, 179 Neb. 729, 140 N. W. 2d 5 [1966].) Moreover, we do not believe the validity of the Nebraska convictions are subject to collateral attack on this ground. (*State v. Engberg*, 194 Kan. 520, 400 P. 2d 701, cert. den. 383 U. S. 921, 15 L. Ed. 2d 676, 86 S. Ct. 899; *State v. Adamson*, 197 Kan. 486, 419 P. 2d 860; *Chappell v. State*, 197 Kan. 407, 416 P. 2d 786.)

For the reasons stated the judgment of the trial court is affirmed.