Richard D. TYRRELL, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 525–69.

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1970.

Kent Frizzell, Atty. Gen., and Edward G. Collister, Jr., Asst. Atty. Gen., have filed a motion to affirm on behalf of appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Tyrrell is confined in the Kansas State Prison, serving an habitual offender sentence of not less than fifteen years, imposed in 1965, upon his plea of guilty to third-degree forgery. He has exhausted state remedies. Tyrell v. State, 199 Kan. 142, 427 P.2d 500 (1967).

He attacks his sentence as an habitual offender on the grounds that he was

not advised of invocation of the habitual criminal statute until after he had entered his plea of guilty, and that a 1961 Nebraska conviction, relied upon to enhance his sentence, was void because he was without counsel.

Tyrrell's own testimony established that when he entered his guilty plea in the Kansas state court, he understood that the habitual criminal statute could be invoked, and that the judge specifically determined from Tyrrell that his attorney had explained to him "the possibility that the Court can invoke the habitual criminal act in this case if it is shown previous convictions."

Over petitioner's objection, the federal district court admitted into evidence the transcript of the plea and sentencing in the 1961 Nebraska proceeding. It established that the court there determined that Tyrrell was indigent, and offered him the services of appointed counsel, which Tyrrell expressly waived.

■ Tyrrell objected to the transcript as inadmissible. To permit the respondent to meet the objections, the court allowed the State to submit interrogatories to the reporter thereof. Petitioner, in his turn, submitted cross-interrogatories. The reporter's responses clearly established the authenticity of the transcription, and hence its admissibility. The district court properly admitted the transcript, and found Tyrrell's allegation respecting his Nebraska conviction to be wholly untrue.

■■ Although not urged before the trial court, Tyrrell now argues that the Nebraska convictions could not be used by the Kansas court as prior felony convictions to enhance his sentence under K.S.A. 21–107a, for the reason that each of the Nebraska charges involved a no-fund check for an amount less than $50.00, which, he asserts, constitutes only a misdemeanor under Kansas law. This argument was rejected in Tyrell v. State, 199 Kan. 142, 427 P.2d 500 (1967). The state supreme court has thus construed the Kansas habitual criminal statute as contemplating as a prior "felony" any conviction which constitutes a felony under the law of the convicting state. See Annot., 19 A.L.R.2d 227. Federal courts will generally follow the interpretation of the laws of a state by its highest court except where inconsistent with fundamental principles of liberty and justice. Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965), cert. denied sub nom., 384 U.S. 976, 977, 86 S.Ct. 1869, 1871, 16 L.Ed. 685, 686. No federal constitutional issue is raised on this score.

Appellee has filed a motion to affirm, pursuant to Rule 10(a), and Tyrrell has filed a memorandum in opposition, addressing the merits of the cause. Examination of these pleadings, together with the files and records in this case, prompts the conclusion that the questions presented are so unsubstantial as not to merit further argument. The motion of appellee is granted and the judgment of the district court is affirmed.