No. 45,966

STATE OF KANSAS, *Appellee,* v. ALVIN EUGENE CROWE, *Appellant.*

(486 P. 2d 503)

Opinion filed June 12, 1971.

*Brian J. Moline,* of Wichita, argued the cause, and *Frank A. Caro,* of Wichita, was with him on the brief for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Alvin Eugene Crowe was convicted by a jury of the offense of knowingly receiving stolen property of a value in

excess of fifty dollars. Sentenced under the habitual criminal act, he now appeals.

Although appellant does not challenge the sufficiency of the evidence to sustain his conviction, certain background revealed by that evidence should be stated.

Some time between 10:30 p. m., Saturday, July 12, 1969, and 8:30 a. m., Sunday, July 13, 1969, two Frigidaire window air-conditioners and a small radio were stolen from a junior high school building in Dodge City, Kansas, as a result of a breakin. Between 5:15 p. m., Friday, July 11, 1969, and 7:15 p. m., Sunday, July 13, 1969, a breakin occurred at the subdistrict state highway commission shop in Cimarron, Kansas, in which a General Electric air-conditioner was stolen.

At about 7:00 p. m., July 13, 1969, the owner of an air-conditioner business was called to the Crowe-Bar tavern in Wichita to show appellant Crowe and his wife how to hook up 220 volt wiring for air-conditioning. There this mechanic saw the three air-conditioners, later shown to be the fruits of the two burglaries; observing the plates on the air-conditioners were missing he remarked that in this condition he would suspect they were "hot" or stolen; he asked appellant how much he had paid for them; appellant replied he had paid something like $85, $100 or $125; two or three times within several weeks prior to July 13, 1969, appellant had talked to the witness about buying air-conditioners for the tavern if they could agree on the payments. The witness helped install one air-conditioner.

Later that same evening, two Wichita police officers, with the written consent of appellant's wife, in whose name the tavern was licensed, searched the tavern. In one room one of the stolen air-conditioners had been installed; on a pool table in the room the officers found a plate bearing a brand name, and model and serial number; they also found the other two air-conditioners, one with chairs stacked around it; in another room they found two panels from one of the stolen machines as well as the radio taken from the Dodge City school; a second identification plate was found behind the bar; the two plates had been pried from the Frigidaire air-conditioners.

Appellant was charged only with the receipt of the three stolen air-conditioners. Over his objection the stolen radio found in the tavern was admitted in evidence. He now complains this was

erroneous because he was not charged with having received that item. He argues it was neither a prior nor a subsequent offense but was "an act which is intimately connected with the crime for which defendant now stands charged . . . an integral part of the charged crime", and therefore could not be admissible under K. S. A. 60-455 permitting evidence of other offenses to be received when relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. He relies upon opinions of this court in which the evidence of other offenses was referred to as "prior and subsequent acts", "prior acts", "other occasions" and "other acts". Appellant's argument is self-defeating. It is true, as he argues, the evidence respecting the radio was not a showing of a separate and isolated crime—rather it was really a part and parcel of the crime charged. Although not charged, as he could have been, with knowingly receiving the stolen radio, apparently because of its inconsequential value in relation to that of the air-conditioners, its possession under the circumstances was nonetheless relevant, without resort to K. S. A. 60-455, as direct evidence of guilt of the offense charged, being fruit of the same act of thievery in which two of the air-conditioners were taken. Evidence otherwise relevant in a criminal prosecution is not rendered inadmissible because it may show another or a greater crime than that charged (*State v. Parks*, 133 Kan. 568, 1 P. 2d 261; also, see *State v. Minnick*, 113 Kan. 385, 214 Pac. 111). No complaint is made of the court's instructions to the jury respecting the radio, the instructions are not before us, and nothing to the contrary being shown, we must conclude the entire matter was correctly handled by the trial court.

Appellant testified as a witness in his own behalf in an effort to explain his possession of the stolen air-conditioners and exonerate himself from wrongdoing. He stated that at the time the owner of the air-conditioner business was in the tavern he had not yet purchased the three air-conditioners; that on Sunday morning, July 13, a man named Karney had brought in the air-conditioners; he had previously talked to Karney about air-conditioning; he gave Karney fifty dollars with the understanding that amount should be a down payment on whatever number of air-conditioners he finally decided to buy; he didn't recall the price for sure.

Upon cross-examination and over his objection appellant testified he had never before told a police officer or anyone that which he had just related on his direct examination.

Appellant asserts this line of cross-examination deprived him of his constitutional right against self-incrimination citing the *Miranda* rule and our cases applying it. The cases relied on are completely different factually and can afford appellant no relief. Squarely in point are *State v. Wade,* 206 Kan. 347, 479 P. 2d 811, and *State v. Jackson,* 201 Kan. 795, 443 P. 2d 279, cert. den. 394 U. S. 908, 22 L. ed. 2d 219, 89 S. Ct. 1019, where the same issue was decided adversely to appellant's contention. In the latter we held:

"The procedural safeguards securing to the accused the privilege against self incrimination during custodial interrogation do not apply to cross-examination of a defendant who has taken the witness stand in his own defense.

"When the defendant takes the stand as a witness he takes his integrity and character with him, and he cannot complain because he is subjected to the same inquires and tests as other witnesses." ( Syl. ¶¶ 1 & 2.)

We further stated:

"The state had the right to test the credibility of the witness and impeach the testimony. This is a time when 'silence speaks louder than words.' The question immediately arose—if the appellant had such a positive defense why had he not so informed the law enforcement officers during or after his arrest? Normally an innocent man would take the first opportunity to state the fact. Silence until the time of trial casts a serious doubt upon appellant's testimony and the state had a right to refute any reason he gave for his claimed abnormal conduct." (p. 798.)

The testimony appellant complains of was properly received as an attack upon his credibility as a testimonial witness.

Appellant's last contention is the trial court erred in invoking the provisions of the habitual criminal act (K. S. A. 21-107a) in that it was never established that a prior Texas conviction received in evidence against him was actually a conviction for a felony. The contention has no merit.

The conviction was evidenced by a properly authenticated copy thereof. Appellant was identified by a Texas parole officer as the subject of that conviction. The conviction was shown to be a second offense of illegal possession of a dangerous drug. Texas law provides that any person convicted for a second or subsequent time of illegal possession of a dangerous drug is guilty of a felony and prescribes as punishment therefor confinement in the penitentiary for not less than two nor more than ten years ( 2 Vernon's Ann. P. C. of Texas, 1970-1971 Supp., Art. 726 [d], p. 42.) Texas law further defines a felony as any offense which may be punishable by death or by confinement in the penitentiary ( 1 Vernon's Ann. P. C. of

Texas, Art. 47, p. 86). The sentence actually adjudged in appellant's Texas conviction was confinement in the Texas penitentiary for ten years. K. S. A. 21-107a by its terms is applicable when there are prior felony convictions committed "in or out of this state." It is not required that the foreign conviction be a felony under the laws of this state; it is sufficient that the offense was a felony as defined by the laws of the other state or jurisdiction (*Tyrell v. State,* 199 Kan. 142, 427 P. 2d 500; *State v. Paxton,* 201 Kan. 353, 440 P. 2d 650). The trial court did not err in invoking the provisions of the habitual criminal act.

Although not raised by appellant one further matter respecting his sentence should be determined. The sentence adjudged against him in this case was confinement for not less than two years nor more than ten years. The penalty prescribed upon conviction of receiving stolen property is the same as for stealing the property so received (K. S. A. 21-549). The prescribed penalty for stealing property of a value in excess of fifty dollars is "confinement at hard labor not exceeding five years" (K. S. A. 21-534). The habitual criminal act effective when appellant's sentence was pronounced provides that every person convicted a second time of felony shall be confined not less than double the penalty of the second conviction. Hence the proper sentence should have been confinement for a term not exceeding ten years and only so much of appellant's sentence as provides for such confinement can be approved as valid (*State v. Hale,* 206 Kan. 521, 525-526, 479 P. 2d 902.) The trial court is directed to enter the corrected sentence of confinement for not to exceed ten years upon its records in this case. Appellant's presence in the trial court is not necessary for this correction. As so modified the judgment is affirmed.

APPROVED BY THE COURT.