936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Kenneth R. MARSHALL, Petitioner-Appellant,
v.
Jack COWLEY, Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 90-5258.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Marshall, a state prisoner, appeals the denial of habeas relief.
 
 
 3
 Mr. Marshall entered a guilty plea to first degree murder and was sentenced to life imprisonment. Mr. Marshall has exhausted his state remedies and is currently confined in an Oklahoma penitentiary.
 
 
 4
 Mr. Marshall filed his pro se application for habeas relief with the federal court and asserted five grounds for relief. Mr. Marshall's fifth ground, that he was incompetent due to alcoholism at the time of the homicide and that he was also incompetent at the time he entered his guilty plea, was not exhausted and Mr. Marshall candidly and correctly conceded this point and dismissed this issue.
 
 
 5
 The district court referred this matter to the magistrate judge who examined the state court records. The magistrate judge issued his report, which we summarize as follows:
 
 
 6
 1. Mr. Marshall's first contention was that his counsel misadvised him that he would be released from prison sooner if he pled guilty to murder one rather than second degree murder. The magistrate judge concluded as a matter of law that the mere allegation that counsel erroneously predicted the favorable consequences of a guilty plea does not entitle a petition to federal habeas relief. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 7
 2. Mr. Marshall contended the state trial court failed to follow the minimum requirements for accepting a guilty plea to murder one. The magistrate judge concluded the allegation that Mr. Marshall was not told premeditation was an essential element of first degree murder was not supported by the record. The state court record was reviewed and quoted in part showing facts to the contrary and that Mr. Marshall's plea was entered knowingly and voluntarily.
 
 
 8
 3. Mr. Marshall's third contention was he had been denied ineffective assistance of counsel as counsel misapprehended the requirement of premeditation as an element of first degree murder. The magistrate judge reviewed the record and concluded counsel was "far from acting incompetently."
 
 
 9
 4. Mr. Marshall's final contention was the state trial court was without jurisdiction as the state sentencing statute was in violation of the state constitution. The magistrate judge concluded that even if this was true, it was an issue of interpretation of state law and as such was not cognizable in a federal habeas case. See Tyrrell v. Crouse, 422 F.2d 852 (10th Cir.1970).
 
 
 10
 The district court considered the record and issues and adopted and affirmed the report and recommendation of the magistrate judge and denied habeas relief. Order dated November 8, 1990.
 
 
 11
 Mr. Marshall, in his commendably succinct pro se appeal, asserts the district court erred and raises essentially the same arguments presented to the district court. Mr. Marshall also requests an evidentiary hearing.
 
 
 12
 We have considered the briefs of the parties and have examined the record on appeal. The state court record of the plea hearing shows a factual basis for the plea. Mr. Marshall shot the victim six times in the back of the head and intended to kill him; Mr. Marshall was fully advised of all of his rights; Mr. Marshall fully understood what he was doing when he entered his plea; and the plea was entered freely, voluntarily and with full knowledge.
 
 
 13
 Moreover, there is no reason for the federal district court to hold an evidentiary hearing where the state court records provide all the necessary information for a satisfactory determination of the issues raised in the habeas petition. United States ex rel. Shore v. O'Leary, 833 F.2d 663, 669 (2d Cir.1987).
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3