No. 79,008

STATE OF KANSAS, *Appellee*, v. AMONEO D. LEE, *Appellant.*
(977 P.2d 263)

Opinion filed March 5, 1999.

*Mark T. Schoenhofer,* of Wichita, argued the cause and was on the brief for appellant.

*David Lowden,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: Amoneo D. Lee was convicted by a jury of first-degree murder (K.S.A. 21-3401[a]) and criminal possession of a firearm (K.S.A. 21-4204[a][4]).

We review whether the district court erred in: (1) finding probable cause at the preliminary hearing to bind Lee over for trial on his first-degree murder charge and (2) admitting a journal entry as evidence of the type and nature of Lee's prior conviction of aggravated battery in the State's proof of the firearms charge. We answer the first issue, "no" and the second, "yes." Finding no reversible error, we affirm.

Our jurisdiction is under K.S.A. 22-3601(b)(1); Lee's murder conviction is an off-grid crime.

## FACTS

The victim, Carl G. Mason, Jr., was shot in the head at close range during the early morning hours of November 3, 1995. The events leading to Mason's death were testified to at the preliminary hearing by a detective and Lee's girlfriend, Karen Sandoval, and at trial by a variety of witnesses including Sandoval. Sandoval, who had given a tape-recorded statement shortly after the shooting, was

a reluctant witness at the preliminary hearing. A transcript of her tape-recorded statement was admitted as evidence. During the trial, Sandoval's tape-recorded statement was played for the jury. Lee was convicted of criminal possession of a firearm under K.S.A. 21-4204(a)(4). Before trial, he filed a motion in limine, requesting an order prohibiting: (1) the State from eliciting testimony regarding his probation and/or parole and (2) the State's witnesses or counsel from testifying or listing testimony concerning the fact that he was convicted of aggravated battery.

Lee agreed that rather than putting the felony conviction of aggravated battery before the jury, he would "stipulate that he has been convicted of a felony within ten years of allegedly possessing the firearm at the time of the commission of the present offense and that such felony conviction has not been expunged nor pardoned." He relied on *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed 2d 574, 117 S. Ct. 644 (1997), as support for his motion.

The hearing on Lee's motion in limine took place during a recess in the voir dire proceedings. District Judge Ballinger granted the first request and denied the second, saying:

"And the record needs to reflect this issue was originally submitted to Judge Pilshaw, who was assigned to rehear this case a couple [of] weeks ago. Things fell apart. It was continued. Judge Pilshaw did not rule on that motion in limine. She did give some thoughts on it. She actually didn't rule on it.

"I am going to be consistent. I was the trial court at the first trial. I'm going to deny that motion, and I look forward to the Court of Appeals telling me whether I'm wrong in following the law that's been part of the State of Kansas for, oh, 20 or 30 years. So overruled at this point, Mr. Brown [defense counsel]."

Defense counsel added:

"And to elaborate on that, that is correct; she [Judge Pilshaw] indicated if the case was reassigned to her then she would announce her ruling, but we're back here."

The State, through the testimony of the detective who investigated the prior felony, introduced a certified copy of the journal entry of judgment of the aggravated battery conviction. Lee presented no evidence. Additional facts are set out in our discussion.

## DISCUSSION
### The Preliminary Hearing

Lee's claim of inadequate evidence at the preliminary hearing is controlled by *State v. Henry*, 263 Kan. 118, 129-30, 947 P.2d 1020 (1997). See *State v. Butler*, 257 Kan. 1043, 1059, 897 P.2d 1007 (1995), *modified on other grounds* 257 Kan. 1110, 1112-13, 916 P.2d 1 (1996).

Where a defendant has been found guilty beyond a reasonable doubt, any error at the preliminary hearing stage is harmless unless it appears that the error caused prejudice at trial. *Henry*, 263 Kan. at 129; *Butler*, 257 Kan. at 1062.

Lee argues that the State failed to introduce evidence sufficient to cause a reasonable person to believe Lee had committed the crime. Lee's primary objection appears to center on Sandoval's statement to police. He asserts the statement was coerced and, therefore, incompetent evidence was introduced, violating due process.

Lee acknowledges that *Butler* states the law on this issue. However, Lee does not show how the alleged preliminary hearing error prejudiced him during trial. In fact, Lee's appellate brief stops in mid-sentence:

"This Court has held that, in any event, 'where an accused has gone to trial and been found guilty beyond a reasonable doubt, any error at the preliminary hearing stage is harmless *unless it appears that the error caused prejudice at trial.*' (Emphasis added.) *Butler*, 257 Kan. at 1062. Here, the error caused"

The State's evidence at the preliminary hearing was sufficient to show that a felony was committed and that defendant could have committed the felony.

We find no merit in Lee's preliminary hearing claim. We have reviewed the evidence presented at trial. Even without Sandoval's statement, the evidence at trial was sufficient to establish beyond a reasonable doubt that Lee murdered the victim. Various people heard Lee's threats, observed his anger, heard him say he shot Mason and was going to dump the body, and saw him point the gun at Mason. He also was seen with Mason's body.

## The Firearms Charge

Lee contends that because he offered to stipulate to the prior felony conviction of aggravated battery, it was error for the district court to admit evidence of the conviction. Lee also asserts that Judge Pilshaw sustained his motion in limine and that the motion was reconsidered and later denied by Judge Ballinger. While there is a minute sheet indicating that Judge Pilshaw sustained Lee's motion in limine, there is no journal entry. Defense counsel agreed with Judge Ballinger that Judge Pilshaw had not ruled on the motion. There is no merit to this assertion by Lee.

Our standard of review on admissibility of evidence is abuse of discretion. *State v. Wagner*, 248 Kan. 240, 243, 807 P.2d 139 (1991).

K.S.A. 21-4204(a)(4), under which Lee was charged, provides in part,

"(a) Criminal possession of a firearm is:

. . . .

"(4) possession of any firearm by a person who, within the preceding 10 years, has been convicted of: (A) A felony under K.S.A. 21-3401, 21-3402, 21-3403, 21-3404, 21-3410, 21-3411, 21-3414, 21-3415, 21-3419, 21-3420, 21-3421, 21-3427, 21-3502, 21-3506, 21-3518, 21-3716, 65-4127a or 65-4127b or K.S.A. 1995 Supp. 65-4160 through 65-4164, and amendments thereto . . . ."

The State presented evidence that Lee had a prior conviction for aggravated battery (K.S.A. 21-3414). Aggravated battery is one of the specific crimes listed in K.S.A. 21-4204(a)(4).

We turn now to our case law addressing the firearm possession issue. In *State v. Farris*, 218 Kan. 136, 542 P.2d 725 (1975), Farris was charged with two counts of unlawful possession of a firearm, under an earlier version of K.S.A. 21-4204. The State introduced an entire court file which showed that Farris had been convicted of a variety of crimes and had his probation revoked. The file was introduced to prove an element of the two current firearms charges. Farris objected to the file's admission, arguing that his character and credibility had been drawn into question through this evidence.

We disapproved the admission, saying:

"The admission of the entire file in this case was not a proper practice for the file contained much extraneous and irrelevant material which could be confusing to the jury. We cannot condone such a practice. An authenticated copy of the journal entry of conviction should have been edited to remove reference to felony charges which were not established and upon which the state was not relying to prove the necessary element of prior conviction of crime. The practice of introducing an entire court file in such cases should be discontinued." 218 Kan. at 139.

However, based on the particular facts of the case, Farris' conviction was affirmed. 218 Kan. at 140.

Earlier, in *State v. Johnson*, 216 Kan. 445, 532 P.2d 1325 (1975), we reviewed facts similar to the facts here. Johnson was charged with aggravated robbery and unlawful possession of a firearm, again, based on an earlier version of K.S.A. 21-4204. Immediately before trial, Johnson offered a signed admission to the court, acknowledging that he had been convicted of a felony within 5 years of the current offenses. Johnson filed a motion in limine, requesting that the State not be allowed to introduce evidence at trial of his prior convictions for rape and second-degree kidnapping. The district court denied Johnson's motion. 216 Kan. at 446.

Johnson contended that the district court erred in allowing the State to introduce the nature of his prior felony convictions in light of his admission of those prior convictions. We rejected his contention. Citing *State v. Wilson*, 215 Kan. 28, 523 P.2d 337 (1974), we endorsed the established rule that a defendant's admission does not prevent the State from presenting separate and independent proof of the fact admitted. 216 Kan. at 448. We note that the *Wilson* court relied on the Florida Supreme Court's opinion *Arrington v. State*, 233 So. 2d 634 (Fla. 1970). 215 Kan. at 32. *Arrington* was overruled by *Brown v. State*, 719 So. 2d 882, 886, 889 (Fla. 1998). *Brown*, which we discuss later in this opinion, supplies the rationale we adopt in resolving the firearms charge issue.

The district court here, following *Farris* and *Johnson*, admitted the journal entry proving Lee's prior conviction. A witness was permitted to testify concerning the nature of the conviction.

Lee suggests that Kansas law should be changed to conform to *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997). Old Chief was convicted of assault with a dan-

gerous weapon, use of a firearm, and possession of a firearm by anyone with a prior felony conviction. Before trial, he moved for an order requiring the government to limit its evidence to a statement that Old Chief had been convicted of a felony. He offered to stipulate that he had been convicted of a prior felony. The government refused to join in the stipulation, insisting on its right to prove the case its own way. The district court agreed with the government. The Ninth Circuit Court of Appeals affirmed in a May 31, 1995, unpublished opinion. See 519 U.S. at 177.

The Supreme Court reversed. *Old Chief* stands as a narrow exception to "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." 519 U.S. at 189. Justice Souter, authoring the majority opinion for a divided court, framed the principal issue as one concerning

"the scope of a trial judge's discretion under Rule 403, which authorizes exclusion of relevant evidence when its 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed. Rule Evid. 403." 519 U.S. at 180.

Although the *Old Chief* Court believed that the risk of unfair prejudice would vary from case to case, the majority reasoned that such risk

"will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning. Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious . . . ." 519 U.S. at 185.

*Old Chief* concluded:

"Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of

unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." 519 U.S. at 191.

The facts in *Old Chief* are similar to the facts here. The element the prosecution was required to prove in both cases was the status of the defendant. *Old Chief* was construing a federal statute and federal rules of evidence. 18 U.S.C. § 922(g)(1) (1994); Fed. R. Evid. 403. We are construing our own rules of evidence. *Old Chief*'s construction is not binding here. See *Atteberry v. Ritchie,* 243 Kan. 277, 284, 756 P.2d 424 (1988) (state courts are not bound to follow a decision of a federal court, including the United States Supreme Court dealing with state law). However, the rationale of *Old Chief* is persuasive.

K.S.A. 60-445 is the evidentiary rule most similar to Fed. R. Evid. 403. K.S.A. 60-445 provides: ·

"Except as in this article otherwise provided, the judge may in his or her discretion exclude evidence if he or she finds that its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who had not had reasonable opportunity to anticipate that such evidence would be offered."

In *State v. Higgenbotham*, 264 Kan. 593, 957 P.2d 416 (1998), we distinguished *Old Chief* on its facts. Higgenbotham offered to stipulate to his true identity for the State's admitting into evidence a fraudulent Arizona driver's license issued in the name of an alias.

"This case is distinguishable from *Old Chief* in that Higgenbotham's legal status at the time of the crime was not an issue. His obtaining the fraudulent Arizona driver's license was relevant to both the identity issue and his behavior during the criminal investigation. The general rule that a party need not be required to accept a stipulation is applicable." 264 Kan. at 604.

*Higgenbotham* was not a status case.

The impact of *Old Chief* on a state conviction has been considered by two other state Supreme Courts. In *Brown v. State*, 719 So. 2d 882, Brown was convicted of possession of a firearm by a convicted felon. Certified copies of prior convictions were admitted into evidence despite Brown's offer to stipulate to his convicted felon status. The Florida Appeals Court approved the admission of the evidence in question, relying on an earlier Florida case. 700

So. 2d at 448. The Florida Supreme Court reversed, adopting the rationale of *Old Chief.* The new Florida rule is:

"[W]hen a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, the Court must accept that stipulation, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction(s) and acceding to the stipulation. The State should also be allowed to place into evidence, for record purposes only, the actual judgment(s) and sentence(s) of the previous conviction(s) used to substantiate the prior convicted felon element of the charge." 719 So. 2d at 884.

The *Brown* court was reviewing the Florida Evidence Code, "which is in essence a restatement of the Federal Rule 403." 719 So. 2d at 887.

*Brown* relied on *State v. Alexander*, 214 Wis. 2d 628, 571 N.W. 2d 662 (1997). The Wisconsin statute construed in *Alexander* also parallels Federal Rule 403. Alexander was convicted of operating a motor vehicle while having a prohibited alcohol concentration of .08 or more. One of the elements of this offense is that the defendant must have two or more prior convictions, suspensions, or revocations. The *Alexander* court posed the issue as

"whether the circuit court erroneously exercised its discretion when it allowed the introduction of evidence of two or more prior convictions, suspensions or revocations as counted under Wis. Stat. § 343.307(1), and further submitted that element to the jury when the defendant fully admitted to the element and the purpose of the evidence was solely to prove that element." 214 Wis. 2d at 634.

The *Alexander* court concluded:

"Because . . . the purpose of the evidence was solely to prove the element of two or more prior convictions, suspensions or revocations, its probative value was far outweighed by the danger of unfair prejudice to the defendant. We conclude that admitting any evidence of the element of prior convictions, suspensions or revocations and submitting the element to the jury in this case was an erroneous exercise of discretion." 214 Wis. 2d at 634.

Because the evidence of guilt was overwhelming, *Alexander* reasoned the error was harmless and affirmed.

*Old Chief* was remanded to the Ninth Circuit with the observation that "we imply no opinion on the possibility of harmless error, an issue not passed upon below." 519 U.S. at 192, n.11. In *U.S. v. Harris*, 137 F.3d 1058 (8th Cir. 1998), a divided panel held

that to "warrant relief under *Old Chief*, the asserted error must not be harmless. [Citations omitted.] When evidence of a defendant's guilt is overwhelming, the *Old Chief* violation is harmless." 137 F.3d at 1060.

Federal Rule 403 authorizes the exclusion of relevant evidence where its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Old Chief* relied on the danger of unfair prejudice. K.S.A. 60-445 does not have the "unfair prejudice" language. K.S.A. 60-445 refers to the exercise of discretion by the trial court when the evidence relates only to surprise. We have endorsed a trial court's inherent power, "a rule of necessity," to exclude any evidence which may unfairly prejudice a jury. *State v. Davis*, 213 Kan. 54, 57, 515 P.2d 802 (1973). We placed "unfair prejudice" in K.S.A. 60-445 when we held: "Evidence which is more prejudicial than probative is inadmissible pursuant to K.S.A. 60-445." *Ratterree v. Bartlett*, 238 Kan. 11, Syl. ¶ 3, 707 P.2d 1063 (1985). Thus, K.S.A. 60-445, Federal Rule 403, and the Florida and Wisconsin statutes at issue in *Brown* and *Alexander* are similar.

We are involved here with balancing the legitimate interests of Lee and of the State at trial. In a firearm criminal possession case, what fact does the State seek to establish by offering into evidence a defendant's prior record through a journal entry? The answer is the defendant's status as a prior convicted felon. Lee agreed to stipulate to prior convicted felon status. We see no need to admit into evidence a journal entry reflecting the type and nature of a prior conviction in order to prove that Lee was a convicted felon.

Our holding today is consistent with *U.S. v. Wacker*, 72 F.3d 1453 (10th Cir. 1995) (decided before *Old Chief*). *Wacker* reviewed the exact question now before us. Lipp, one of the defendants, objected to the admission of journal entries detailing his prior felony convictions. The federal district court for Kansas overruled the objection. *Wacker* reversed, finding: (1) the admission was an abuse of discretion but (2) it was harmless error. 72 F.3d at 1474.

*Wacker* reasoned:

"Whereas the fact of a defendant's prior felony conviction is material to a felon in possession charge, the nature and underlying circumstances of a defendant's conviction are not. [Citations omitted.] The details of the defendant's prior crime do not make it 'more probable or less probable' that the defendant is a convicted felon. See Fed. R. Evid. 401. Rather, this information tends only to color the jury's perception of the defendant's character, thereby causing unnecessary prejudice to the defendant. . . .

". . . Today we hold that where a defendant offers to stipulate as to the existence of a prior felony conviction, the trial judge should permit that stipulation to go to the jury as proof of the status element [that the defendant is a convicted felon of 18 U.S.C. § 922(g)(1) (1994)], or provide an alternate procedure whereby the jury is advised of the fact of the former felony, but not its nature or substance. [Citation omitted.] Correspondingly, in those situations where the defendant is willing to concede the existence of the prior felony conviction, the trial judge should ordinarily preclude the government from introducing any evidence as to the nature or substance of the conviction, as the probative value of this additional information generally will be overshadowed by its prejudicial effect under Federal Rule of Evidence 403." 72 F.3d at 1472-73.

We adopt a limited rule for application in a status case. We hold: (1) The district court abused its discretion when it rejected Lee's offer to stipulate to the fact of a prior conviction; (2) *Brown*'s evidentiary requirements are adopted for proof of convicted felon status in K.S.A. 21-4204(a)(4) firearm possession violation cases; and (3) any error in admitting the journal entry of Lee's prior conviction was harmless. The result would not have been different if the prior conviction had come in by stipulation.

We are persuaded that the reasoning of *Old Chief, Brown, Alexander,* and *Wacker* should be adopted. The issue here and the new rule we apply in resolving the issue carry an extremely narrow focus. We are reviewing only the status element in a charged crime. We find no distinction between Federal Rule 403 and K.S.A. 60-445 based on the absence from 60-445 of the phrase "unfair prejudice." Exclusion of evidence on the basis of undue prejudice has always been a prerogative of a common-law trial judge. Trial judges in this state have authority to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Under K.S.A. 60-445 "much is left to implication, but despite the deficiencies in language the rule operates in Kansas in

conventional manner." 1 Gard's Kansas C. Civ. Proc. 3d Annot. § 60-445 (1997). Any doubt on this question is settled by *Davis* and *Ratterree.*

Unless there is a dispute over the status of the prior conviction (for example, was it or was it not a felony), the admission of the type and nature of the prior crime can only prejudice the jury. See *Brown*, 719 So. 2d at 886. Under the limited focus here, what countervailing interests support admission of the type and nature of the felony? There are none in a status case. If Lee's previous conviction had been for any one of the more than 40 felonies not listed in K.S.A. 21-4204(a)(4), he would not be facing the criminal possession charge.

We acknowledge that the State has the right and, in fact the duty, to establish the elements of the crime charged. The State also has an interest in presenting its case in its own way by telling the story as the State wishes. But, Lee should be judged only on the crimes charged and, as *Brown* observed, "not being convicted on an improper ground due to the admission of evidence that carries unfairly prejudicial baggage." 719 So. 2d at 887. As *Old Chief* reasoned:.

"This recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." 519 U.S. at 190.

The element in dispute is whether Lee possessed the firearm on the date charged.

## CONCLUSION

We adopt *Brown*'s analysis and hold: (1) When requested by a defendant in a criminal possession of a firearm case, the district court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. (2) At the same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the prior felony conviction(s). (3) Neither these documents nor the number and nature of the prior convictions should be disclosed to the trial

jury. (4) Out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his or her voluntary waiver of his or her right to have the State otherwise prove the convicted felon status element beyond a reasonable doubt. (5) The defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. (6) If the element of "convicted felon" is established by stipulation, "the judge may thereafter instruct the jury that it can consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation." *Brown*, 719 So. 2d at 889.

Our views should not be read as limiting the State in presenting a full in-depth story of a prior crime when the prior crime has relevance independent of merely proving prior felony status for K.S.A. 21-4204(a)(4).

We disapprove of the language in *Farris, Johnson*, and *Wilson* inconsistent with this opinion.

The rule we are adopting today applies to pending K.S.A. 21-4204(a)(4) criminal possession of a firearm status cases in which the issue was asserted in the trial court and remains an issue on appeal. The rule has no retroactive application to cases final as of the date of this opinion.

Affirmed.

LARSON, J., concurring and dissenting: I concur in the result reached by the majority in affirming the trial court.

I dissent from the majority opinion insofar as it suggests the wording of Fed. R. Evid. 403 is sufficiently similar to K.S.A. 60-445 to justify the judicial adoption of a new evidence rule that removes the trial court's discretion and restricts the manner in which a prosecutor is allowed to prove a charge of criminal possession of a firearm under K.S.A. 21-4204(a)(4)(A).

The prevailing rule in Kansas as to proof of the elements of a charged crime is set forth in *State v. Wilson*, 215 Kan. 28, 31-33, 523 P.2d 337 (1974). Justice Kaul, speaking for a unanimous court, stated:

"Defendant claims error in the admission of evidence of a previous felony conviction of burglary and larceny. The trial court admitted the testimony on the basis that it went to prove the firearm possession count. Defendant, prior to trial, offered to stipulate that he had a previous felony conviction and presented a motion to the trial court that the prosecuting attorney be restrained from submitting evidence pertaining thereto. The prosecuting attorney refused to so stipulate and insisted on presenting the evidence. Defendant claims reversible error in this regard. The state responds that there is no law that requires any party to stipulate to any fact in a lawsuit and, further, that even though the stipulation had been entered into, the fact of a prior conviction had to be presented to the jury since it was a necessary element of the firearm offense defined in K.S.A. 1973 Supp. 21-4204. This court has often held that evidence otherwise relevant in a criminal prosecution is not rendered inadmissible simply because it may show a crime other than that charged. (*State v. Calvert*, 211 Kan. 174, 505 P.2d 1110; *State v. Pierce, et al.*, 208 Kan. 19, 490 P.2d 584; and *State v. Crowe*, 207 Kan. 473, 486 P.2d 503.) It is an established rule of law that an admission by a defendant does not prevent the state from presenting separate and independent proof of the fact admitted. (*Bizup v. People*, 150 Colo. 214, 371 P.2d 786, *cert. den.* 371 U.S. 873, 9 L. Ed. 2d 112, 83 S. Ct. 114; and *Parr v. United States* [5th Cir. 1958], 255 F. 2d 86, *cert. den.* 358 U.S. 824, 3 L. Ed. 2d 64, 79 S. Ct. 40.)

"The prevailing rule in this regard is stated in Wharton's Criminal Evidence [12th Ed. 1972 Cumulative Supp.], Confessions and Admissions, § 399:

" 'The making of an admission by the defendant does not bar the prosecution from proving the fact independently thereof as though no admission had been made, particularly since facts when voluntarily admitted often lose much of their probative force in the eyes of the jury,' (p. 63.)

"To the same effect the rule is stated in 31A C.J.S., Evidence, § 299:

" 'A party is not required to accept a judicial admission of his adversary, but may insist on proving the fact.' (p. 766.)"

This rule was followed by *State v. Johnson,* 216 Kan. 445, 532 P.2d 1325 (1975), and *State v. Farris,* 218 Kan. 136, 542 P.2d 725 (1975), as set forth in the majority opinion, but the holding of both cases was grounded on the reasoning of *Wilson* set forth above. There is not, in my opinion, any reason to change this rule based on the holding of *Old Chief v. United States,* 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997); *Brown v. State,* 719 So. 2d 882 (Fla. 1998), or *State v. Alexander,* 214 Wis. 2d 628, 571 N.W.2d 662 (1997).

As the majority correctly points out we construe our own rules of evidence and *Old Chief* is not binding in Kansas. See *Atteberry v. Ritchie,* 243 Kan. 277, 284, 756 P.2d 424 (1988). While the

majority may find *Old Chief* persuasive, my comparison of the wording of Fed. R. Evid. 403 to K.S.A. 60-445 leads to a different conclusion.

K.S.A. 60-445 states:

"Except as in this article otherwise provided, the judge may in his or her discretion exclude evidence if he or she finds that its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered."

Federal Rule of Evidence 403 states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The scope and extent of the rule and statute quoted above differ materially. K.S.A. 60-445 is directed solely to "surprise" and "reasonable opportunity to anticipate." There is no "surprise" when a prosecutor is proving an element of a crime charged.

The scope and extent of Rule 403 is widely broader and speaks of "unfair prejudice," "misleading the jury," "undue delay," "waste of time," and "needless cumulative evidence." To suggest that these provisions are similar is to read into K.S.A. 60-445 wording that it does not contain. The provisions of the Wisconsin or Florida statutes or rules of evidence may match precisely with the Federal Rules of Evidence, but ours in Kansas do not.

A better argument for the majority position might exist if any felony conviction could be the basis for a criminal possession of a firearm charge. However, the specific identification of felonies one must have previously committed to be charged under K.S.A. 21-4204(a)(4)(A) strongly suggests the Kansas Legislature intended the name and nature of the prior felony to be an element of the State's proof in a criminal possession of a firearm charge. An examination of the standard instruction to be given when the charge is criminal possession of a firearm is as follows:

"The defendant is charged with criminal possession of a firearm. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

". . . .
"C. 1. That the defendant knowingly had possession of a firearm;

"2. That the defendant within 10 years preceding such possession had been (convicted of _____, a felony) (adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony);

"3. That the defendant (did not have the conviction of such crime expunged) (had not been pardoned for such crime); and

". . . .
"4. That this act occurred on or about the _____ day of _____, 19___ in _____, County, Kansas." PIK Crim. 3d 64.06.

Under this instruction, an element of the illegal possession of a firearm charge is the specific description of the felony the accused has previously committed. Under the facts of this case, it can only be one of those felonies listed in K.S.A. 21-4204(a)(4)(A). The wording of K.S.A. 21-4204(a)(4)(A) was set forth in the majority opinion, but more importantly to a juror's consideration is the common names of the crime. Jurors should be entitled to know that K.S.A. 21-3401 is murder in the first degree, K.S.A. 21-3402 is murder in the second degree, K.S.A. 21-3403 is voluntary manslaughter, K.S.A. 21-3404 is involuntary manslaughter, K.S.A. 21-3410 is aggravated assault, K.S.A. 21-3411 is aggravated assault of a law enforcement officer, K.S.A. 21-3414 is aggravated battery, K.S.A. 21-3415 is aggravated battery against a law enforcement officer, K.S.A. 21-3419 is criminal threat, K.S.A. 21-3420 is kidnapping, K.S.A. 21-3421 is aggravated kidnapping, K.S.A. 21-3427 is aggravated robbery, K.S.A. 21-3502 is rape, K.S.A. 21-3506 is aggravated criminal sodomy, K.S.A. 21-3518 is aggravated sexual battery, K.S.A. 21-3716 is aggravated burglary, K.S.A. 65-4127a, K.S.A. 65-4127b, and K.S.A. 1995 Supp. 65-4160 through K.S.A. 1995 Supp. 65-4164 are unlawful acts relating to possession or sale of opiates, narcotic drugs, or designated stimulants. The reasons for the charge come alive when the underlying felony is stated and proved. When they are allowed to be admitted generically, they lose their probative force in the eyes of the jury as this court observed in *Wilson*.

While I believe it is a mistake for us to change the long-time rule of *Wilson, Johnson,* and *Farris,* it would be more palatable if

an accused were at least required to stipulate and admit that he or she had within the preceding 10 years been convicted of the named crime that was included in the listing in K.S.A. 21-4204(a)(4)(A). This would allow the jury to know the precise felony that had previously been committed which is the basis for prohibiting the carrying of a firearm. This is what the legislature intended when it enumerated only certain specific felonies that can be the basis for a criminal possession of a firearm charge.

While the majority holding is fact specific to the crime charged, this ruling opens up the whole area of stipulation or admission to accuseds in any status element or status crime. To remain consistent with this ruling, we will be asked to allow those accused of crimes to have the right to limit or control the evidence to be presented when they are tried. This is not the first step we should or need to take. I fear unending controversy will result from our actions.

If the Federal Rules of Evidence had been adopted by the Kansas Legislature, our following *Old Chief* would be more defensible. These rules have not been adopted by our legislature and we should not impose them judicially. This is contrary to our traditional judicial role of allowing this kind of change to be legislatively made.

While logical and sufficient reasons have been previously given for us not to abandon a long-standing rule, it must be also pointed out that in doing so, we violate the doctrine of stare decisis. We need not discuss the history or reason for this doctrine which are well set forth in *Jones v. Hansen*, 254 Kan. 499, 512-13, 867 P.2d 303 (1994), and *Bowers v. Ottenad*, 240 Kan. 208, 226-27, 729 P.2d 1103 (1986). We should not adhere to precedent when substantial and compelling reasons dictate a change, but I do not find sufficient justification to abandon our prior decisions under the circumstances of this case.

MCFARLAND, C.J., and LOCKETT, J., join the foregoing dissenting opinion.