(980 P.2d 591)

No. 78,284

STATE OF KANSAS, *Appellee*, v. DAVID G. GILL, *Appellant*.

Opinion filed May 7, 1999.

*Richard Ney*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., ELLIOTT, J., and NELSON E. TOBUREN, District Judge, assigned.

ELLIOTT, J.: David G. Gill appeals his conviction of intentional second-degree murder and criminal possession of a firearm.

We affirm in part, reverse in part, and remand.

On April 20, 1996, following a stormy relationship with Gill's neighbor, Trace Norton, concerning the volume of music being

played by Gill, a single gunshot was heard after loud shouting. Norton died as a result. Gill went on foot to a pay phone some 2 miles away and called the police.

At the police station, Gill met with Detective Timothy Relph; Gill signed the *Miranda* form and indicated he did not want to talk. Two days later, Gill's sister called authorities and indicated Gill was ready to talk. Gill signed a second *Miranda* form and then stated he shot Norton in self-defense and told the police where to find the gun.

At trial, Gill defended on self-defense grounds and also claimed he was not guilty by reason of mental disease or defect. After conviction and during sentencing, Gill left the courtroom and went to the jury room from which he had to be forcibly removed. Gill was sentenced in his absence, the trial court finding Gill had voluntarily removed himself from the proceedings.

Gill argues the trial court erred in denying his motion to suppress his statements made to police.

### Initial statements

With respect to Gill's initial statements, this case is strikingly similar to *State v. Donesay*, 265 Kan. 60, 959 P.2d 862 (1998). Here, as there, defendant failed to insist on termination of questioning altogether. The trial court did not err in refusing to suppress Gill's initial statements. See *Donesay*, 265 Kan. at 72-73.

### Subsequent statements

At the later interview, instigated by Gill's sister's call to police, he admitted shooting Norton but asserted it was in self-defense. The trial court did not err in refusing to suppress those subsequent statements. Gill clearly waived his right to remain silent. He was given *Miranda* warnings twice, and there is nothing in the record to indicate Gill's waiver was anything but knowing and voluntary. See *State v. Lane*, 262 Kan. 373, 383-84, 940 P.2d 422 (1997).

Gill also claims the trial court erred in admitting a journal entry as evidence that he was a convicted felon. Evidence of the prior conviction was a necessary element of the charge of criminal possession of a firearm. K.S.A. 21-4204(a)(2). Gill acknowledges, but

argues the journal entry detailing the nature and substance of the prior crime was both unnecessary and unduly prejudicial.

We are given substantial guidance on this issue by our Supreme Court's recent decision in *State v. Lee*, 266 Kan. 804, 977 P.2d 263 (1999). In *Lee*, the Supreme Court affirmed a conviction on harmless error grounds, but held the trial court abused its discretion in rejecting Lee's offer to stipulate to the fact of a prior conviction. *Lee*, 266 Kan. at 814. The *Lee* court also stated that unless "there is a dispute over the status of the prior conviction (for example, was it or was it not a felony), the *admission of the type and nature of the prior crime can only prejudice the jury.*" 266 Kan. at 815. (Emphasis added.)

The *Lee* court, in a narrow holding, concluded by stating:

"(1) When requested by a defendant in a criminal possession of a firearm case, the district court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. (2) At the same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the prior felony conviction(s). (3) Neither these documents nor the number and nature of the prior convictions should be disclosed to the trial jury. (4) Out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his or her voluntary waiver of his or her right to have the State otherwise prove the convicted felon status element beyond a reasonable doubt. (5) The defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. (6) If the element of 'convicted felon' is established by stipulation, 'the judge may thereafter instruct the jury that it can consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation.' " 266 Kan. at 815-16.

*Lee* relied primarily on *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997); *U.S. v. Wacker*, 72 F.3d 1453 (10th Cir. 1995); *Brown v. State*, 719 So. 2d 882 (Fla. 1998); and *State v. Alexander*, 214 Wis. 2d 628, 571 N.W.2d 662 (1997).

The present case requires us to decide whether to take a small step beyond the narrow holding of *Lee*. We choose to take that step. Here, we are asked to decide whether the *Lee* rationale also applies where a defendant merely concedes or informally stipulates to a prior felony conviction, or whether it must be linked to situ-

ations where a defendant makes a formal offer of stipulation as to status.

The court in *Old Chief* framed the issue as whether a court abuses its discretion where a defendant offers to concede to a prior felony and the trial court "spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises *the risk of a verdict tainted* by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Old Chief,* 519 U.S. at 174.

The Tenth Circuit Court has held that evidence about the nature of the predicate crime is prejudicial and should be excluded if possible by "use of a redacted record, stipulation, affidavit, or *other similar technique whereby the jury is informed only of the fact of a prior felony conviction, but not of the nature and substance of the conviction.*" (Emphasis added.) *U. S. v. Dean,* 76 F.3d 329, 333 (10th Cir. 1996). See *U. S. v. Wilson,* 107 F.3d 774 (10th Cir. 1997).

In the present case, defendant's conceding on the record to the existence of a prior felony conviction would clearly constitute a "similar technique whereby the jury is informed of the fact of a prior felony conviction, but not of the nature and substance of that conviction." Here, Gill objected not to the *fact* of the prior conviction, but to the admission of the journal entry.

Having determined the trial court erred in admitting the journal entry detailing Gill's prior felony convictions, the question remains: Was the error harmless? This case is a bit more cloudy than the precedents previously cited. Here, Gill admitted shooting the victim but added he acted in self-defense. Here, the fact the jury had proof of the nature of Gill's prior crimes—aggravated battery and aggravated assault—could have influenced the credibility of Gill's defense. Instead of merely knowing Gill was a convicted felon, the jury knew he had been convicted of prior crimes that were similar in nature to the crimes with which he was currently charged. All of the crimes were of a similar nature; all were violent, person crimes.

The most the jury needed to know was that Gill had a prior felony conviction. The trial court erred in admitting the journal

entry of the prior convictions; the error was not harmless and it taints both convictions.

Gill also argues the trial court erred in failing to hold a competency hearing when requested at sentencing. Neither Gill nor his counsel requested such a hearing until Gill left the courtroom during sentencing.

The trial court did not abuse its discretion in failing to hold a competency hearing. See *State v. Perkins*, 248 Kan. 760, Syl. ¶ 4, 811 P.2d 1142 (1991); *State v. Green*, 245 Kan. 398, Syl. ¶ 8, 781 P.2d 678 (1989).

Finally, Gill argues the trial court erred in sentencing him in his absence. We disagree. A defendant may waive his right to be present at sentencing. *State v. Braun*, 253 Kan. 141, 146-47, 853 P.2d 686 (1993). Here, Gill left the courtroom of his own volition. The trial court did not err in sentencing Gill in his absence. See *State v. Williams*, 259 Kan. 432, 445-46, 913 P.2d 587 (1996).

Affirmed in part, reversed in part, and remanded for a new trial.