No. 78,284

STATE OF KANSAS, *Appellee*, v. DAVID G. GILL, *Appellant*.
(997 P.2d 710)

Opinion filed January 28, 2000.

*Richard Ney*, special appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*Debra S. Peterson*, assistant district attorney, argued the cause, and *Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: David G. Gill was convicted by a jury of one count of intentional second-degree murder and one count of criminal possession of a firearm. The Court of Appeals reversed his convictions on the ground that the trial court erred in admitting a journal entry as evidence that Gill was a convicted felon, a necessary element of the charge of criminal possession of a firearm. *State v. Gill*, 26 Kan. App. 2d 127, 130, 980 P.2d 591 (1999). The State's petition for review was granted.

On Saturday, April 20, 1996, at approximately 6:55 a.m., Trace Norton's brother-in-law, Jim Pinkerton, telephoned Norton. Norton did not indicate to Pinkerton that there was anything out of the ordinary. At approximately 7 a.m., Norton was·shot and killed in the hallway of the building where he and defendant lived in adjacent apartments. Pinkerton customarily drove Norton on Saturday mornings to the methadone clinic, the grocery store, and his mother's residence, and the purpose of his 6:55 call was to let

Norton know that he was on the way. When Pinkerton arrived a few minutes later, Norton had been shot and police were at the scene.

Two residents of the apartment building testified that they heard voices before the gunshot. One heard an angry shout, "Get away from my goddamn door." The other heard two male voices. She heard the first one say only the words "my door." The second person she heard was Norton, who said, "I told you not to knock on my door."

Pinkerton testified that several weeks earlier, Norton had mentioned that one of his neighbors sometimes played his radio too loud and at inappropriate times. When Norton asked him to turn it down, his neighbor told him to mind his own business.

Defense counsel filed a very generally worded motion in limine seeking, among other things, to prevent the State from presenting evidence of any prior criminal record of defendant. The motion contains no admission that defendant was a convicted felon. Nor does it contain any concession that the State would be required to prove defendant's convicted felon status as an element of one of the charges against him—criminal possession of a firearm in violation of K.S.A. 21-4204(a)(2). Here is the pertinent paragraph of the motion:

"Mr. Gill's prior criminal record, if any, is immaterial, irrelevant and inadmissible for any purpose in the instant cause. K.S.A. 60-421. Furthermore, it is also immaterial, irrelevant and inadmissible whether Mr. Gill has ever been arrested for a crime, spent any time in a prison or jail, or has ever been on probation or parole. If it was made known to the jury, it would be improper, unduly prejudicial and error. Moreover, the prejudice and harm could not be erased by the Court sustaining an objection and/or instructing the jury to disregard it."

Before starting the jury trial, the district court considered pretrial motions, including what the district judge called the defendant's "standard" motion in limine. The prosecuting attorney objected only to that part of the motion seeking to exclude evidence of prior criminal convictions. He announced his intention to establish Gill's convicted felon status by placing a certified copy of a Shawnee District Court journal entry into evidence. Defense counsel objected on the ground that the journal entry would identify

the offenses. The trial court overruled the objection on the ground that the records of another court would be admissible for the purpose of establishing Gill's convicted felon status.

During the brief discussion, defense counsel neither denied nor admitted defendant's convicted felon status. Defense counsel did not broach the subject of stipulating to a prior felony conviction. Nor did the district court judge inquire whether defendant would enter into a stipulation of convicted felon status. Here is the discussion in full:

"[THE COURT:] I also have a motion *in limine*; might be called the standard motion *in limine*. Have you all discussed the various parts of that?

"[PROSECUTOR]: We have discussed that a while back. I have no objection to that. The only qualifier is on Paragraph No. 1, Mr. Gill's prior criminal record, only because he's charged in Count 2 with criminal possession of a firearm, it's necessary to in one fashion or another prove up an underlying felony. That's pursuant to *State v. Knowles*, 278 Kansas 336. That's the only evidence that will come in this trial with regard to a prior felony. With regard to that qualifier, I have no objection.

"THE COURT: It's sustained then with that qualifier. Do you want to add anything?

"[DEFENSE COUNSEL]: I'm interested to the extent that it would be brought forward to the jury as far as charge possession of a firearm.

"THE COURT: How do you intend to do that?

"[PROSECUTOR]: I have certified copies out of Shawnee County concerning Mr. Gill's conviction. Actually I have with me.

"[DEFENSE COUNSEL]: "One thing I might have to say in response, they show a conviction of aggravated assault and aggravated battery. I understand that the State has. Obviously, my concern is Journal Entry coming out of 1985 showing aggravated assault, aggravated battery, obviously a crime towards violence would lead the jury to believe that certainly Mr. Gill is a violent type of man. I have concern about the actual identifying what crime he had previously committed.

"THE COURT: I think that the records of another court would be admissible, especially in light of the charges in Count No. 2. They have to be in proper form. I'm not ruling on their admissibility unless you have already agreed to it.

"That takes care of that then. I'll allow it."

During trial, the State offered the journal entry into evidence, defense counsel objected by referring to the motion in limine, and the trial court admitted the journal entry.

The Court of Appeals looked to *State v. Lee*, 266 Kan. 804, 977 P.2d 263 (1999), for guidance on this issue:

"In *Lee,* the Supreme Court affirmed a conviction on harmless error grounds, but held the trial court abused its discretion in rejecting Lee's offer to stipulate to the fact of a prior conviction. *Lee,* 266 Kan. at 814. The *Lee* court also stated that unless 'there is a dispute over the status of the prior conviction (for example, was it or was it not a felony), the *admission of the type and nature of the prior crime can only prejudice the jury.*' 266 Kan. at 815. (Emphasis added.)" *Gill,* 26 Kan. App. 2d at 129.

The Court of Appeals viewed the present case as requiring it "to decide whether to take a small step beyond the narrow holding of *Lee.*" 26 Kan. App. 2d at 129. The "small step" entailed deciding whether the *Lee* rationale should be limited to a formal offer of stipulation or whether it also should apply "where a defendant merely concedes or informally stipulates to a prior felony conviction." 26 Kan. App. 2d at 129. The Court of Appeals concluded that the rationale should apply to concessions and to informal as well as formal offers to stipulate with regard to prior convicted felon status.

The Court of Appeals further concluded that the district court's error in admitting a journal entry to establish Gill's status was not harmless. 26 Kan. App. 2d at 130-31. The Court of Appeals reasoned in this regard:

"Gill admitted shooting the victim but added he acted in self-defense. Here, the fact the jury had proof of the nature of Gill's prior crimes—aggravated battery and aggravated assault—could have influenced the credibility of Gill's defense. Instead of merely knowing Gill was a convicted felon, the jury knew he had been convicted of prior crimes that were similar in nature to the crimes with which he was currently charged. All of the crimes were of a similar nature; all were violent, person crimes." 26 Kan. App. 2d at 130.

The sole issue on appeal is whether it was reversible error for the trial court to admit evidence of the nature of Gill's prior convictions. In *Lee,* this court formulated the following rule:

"(1) When requested by a defendant, the trial court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. (2) At the same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the prior felony conviction(s). (3) Neither these documents nor the number and nature of the prior convictions should be disclosed to the trial jury. (4) Out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his or her voluntary waiver of his or her right

to have the State otherwise prove the convicted felon status element beyond a reasonable doubt. (5) The defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. (6) If the element of 'convicted felon' is established by stipulation, the judge may thereafter instruct the jury that it may consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation." 266 Kan. 804, Syl. ¶ 4.

We acknowledged that the admission of such evidence can only prejudice the jury against a defendant. Thus, we provided that when prior convicted felon status is not disputed, defense counsel can offer to stipulate in order to protect defendant from the potential prejudice of having the offense identified. However, Gill's trial counsel did not offer to stipulate. The Court of Appeals concluded that the rule should not be limited to formal offers to stipulate. The Court of Appeals took what it categorized as a small step beyond the narrow holding of *Lee*. Thus, the Court of Appeals examined the circumstances surrounding the trial court's admission of the journal entry in order to determine whether the *Lee* rationale ought to apply.

The Court of Appeals seems to have viewed Gill's counsel's failure to object to the accuracy of the felony record as amounting to conceding to the prior felony convictions:

"In the present case, defendant's conceding on the record to the existence of a prior felony conviction would clearly constitute a 'similar technique whereby the jury is informed of the fact of a prior felony conviction, but not of the nature and substance of that conviction.' Here, Gill objected not to the *fact* of the prior conviction, but to the admission of the journal entry." 26 Kan. App. 2d at 130.

Without correlating failing to object to the fact of the prior conviction with conceding the prior conviction, it cannot be said that defendant so conceded. There is no other basis in the record for finding that defendant conceded the existence of the felony conviction. The motion in limine referred to defendant's prior criminal record, "if any." When the motion was taken up by the trial court, defendant did not comment one way or the other on his committing the felony. When the journal entry was offered into evidence during trial, defendant based his objection on the motion in limine. We reject the reasoning of the Court of Appeals. *Lee* states that,

when requested by a defendant, the court must accept a stipulation to a prior conviction when the defendant acknowledges the stipulation and waives his or her right to have the State otherwise prove the defendant's felony status. That holding is not to be extended beyond its clear meaning. Absent such stipulation and acknowledgment by the defendant in the record, the State is not limited in its proof of the defendant's felony status. Since there was no stipulation or acknowledgment by Gill, the trial court did not err in admitting the journal entry into evidence.

Since we find there is no error, we need not determine if it was harmless. However, we feel constrained to comment on the Court of Appeals' finding of harmless error. Our disagreement with the Court of Appeals on the question of harmless error stems from its perception that Gill's defense theory was self-defense. Because the jury was instructed on self-defense, the Court of Appeals' perception is understandable. The instruction stated, in part:

"A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself against such aggressor's imminent use of unlawful force. Such justification requires both a belief on the part of defendant and the existence of facts that would persuade a reasonable person to that belief."

Gill's defense theory was mental disorder. The jury was instructed that Gill denied criminal responsibility because of a mental disease or defect that prevented his forming the intent to kill the victim. The defense argued that Gill's mental condition caused him *to believe* that he acted in self-defense, not that he actually shot the victim in self-defense.

There was no evidence that would have supported a finding that the defendant acted in a reasonable belief that his own safety depended upon it. Gill did not testify in his own behalf. Nor did he call any witnesses whose testimony would have supported a finding that he believed he had shot the victim in self-defense. The evidence with respect to self-defense was two-fold: First, a police officer testified that during questioning Gill told police that he fired in self-defense and did not want to kill anybody, but that he wanted to protect himself from being hurt. Second, the clinical neuropsychologist who evaluated defendant testified that Gill suffered

from a delusional disorder that caused him to believe that in shooting the victim he was defending himself against harm. Neither aspect of this evidence tends to establish that Gill harbored a reasonable belief of imminent danger.

Self-defense was not a viable defense theory, and there was no reason for the jury to have been instructed on it. Thus, there is no reason to be concerned, as the Court of Appeals was, that the admission of the journal entry identifying Gill's earlier convictions would threaten the credibility of a self-defense theory.

Further, the journal entry was not the only source of information for the jury about the violent nature of Gill's previous convictions. Defense witness Kerin Schell, a psychologist who had treated the defendant in 1994 and 1995, testified that Gill had a "history of severe violence," a "very severe problem," and a "history of . . . violent assaults he couldn't explain." Schell further testified that the assaults "were over relatively minor disputes, almost over nothing." Schell described Gill as having quite a temper. Thus, from the defense witness' testimony, the jury would have been fully aware of Gill's previous violent behavior so that the identification of the previous convictions in the journal entry would have added little, if any, potential prejudice.

The judgment of the Court of Appeals reversing the district court is reversed. The judgment of the district court is affirmed.