NOT DESIGNATED FOR PUBLICATION

No. 121,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL ROMAN MUNOZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion on remand filed April 5, 2024. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER and MALONE, JJ.

PER CURIAM: Daniel Roman Munoz appealed his convictions and sentences for second-degree murder, attempted second-degree murder, criminal possession of a firearm, and theft for crimes committed in June 2018. A panel of this court, in *State v. Munoz*, No. 121,770, 2022 WL 129005 (Kan. App. 2022) (unpublished opinion), addressed Munoz' multiple claims of error about his convictions and his sentences. Among those issues was Munoz' claim that the district court erred by failing to get a jury trial waiver from him when he stipulated to one element of the firearm offense—that he had been convicted of a felony within five years of the charged offense.

1

The State argued that no jury trial waiver was necessary for this elemental stipulation, as *State v. Johnson*, 310 Kan. 909, 918, 453 P.3d 281 (2019), was wrongly decided. Still, it also responded that even if Munoz were correct, then any error was harmless. Munoz made no reply to that argument. The panel, bound by *Johnson*, held that the district court's accepting the elemental stipulation without a jury trial waiver was reversible error because it violated the defendant's right to jury trial. *Munoz*, 2022 WL 129005, at *12.

Both the State and Munoz petitioned for review, raising different issues. The Supreme Court recently denied Munoz' petition for review, granted the State's petition for review, and remanded the case to this court for reconsideration based on *State v. Bentley*, 317 Kan. 222, 526 P.3d 1060 (2023). As we explain below, the remand asks us to resolve only one issue: whether the district court's error in failing to get a jury trial waiver from Munoz when he stipulated that he had been convicted of a felony within five years of the charged offense is harmless. For the reasons set forth below, we find that this *Johnson* error is harmless.

*Bentley's holding and effect*

In *Bentley*, the State asked the Supreme Court to overturn *Johnson*'s holding that a district court errs by accepting a defendant's stipulation to one element of a crime without first getting defendant's separate jury trial waiver on the record. But the Supreme Court found the State had waived that issue:

> "When the State failed to brief the first requirement of overturning precedent, it abandoned its claim that we overrule *Johnson*. See *State v. Funk*, 301 Kan. 925, 933, 349 P.3d 1230 (2015) (issue not adequately briefed is deemed abandoned). Consequently, *Johnson* stands, and a district court must obtain a constitutionally sufficient jury trial waiver before a defendant stipulates to an element of a charged crime." 317 Kan. at 231-32.

It thus left any overruling of *Johnson* to another day.

Still, the Supreme Court agreed that a district court's failure to get a jury trial waiver before accepting a defendant's elemental stipulation was not structural error. It instead found that error "akin to a court's failure to submit an element of the charged crime to the jury." *Bentley*, 317 Kan. at 233; see *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). In *Neder*, the Court concluded the error was harmless because "the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." 527 U.S. at 17.

The Kansas Supreme Court in *Bentley* thus extended *Neder*'s reasoning to cases in which a district court fails to obtain a constitutionally sufficient jury trial waiver before a defendant stipulates to one or some elements of a charged crime, as here. 317 Kan. at 233-34.

> "In such cases, the error should be reviewed under the constitutional harmless error standard.
> "A constitutional error is harmless only if the party benefitting from the error demonstrates 'beyond a reasonable doubt the error will not or did not affect the trial's outcome in light of the entire record, i.e., when there is no reasonable possibility the error contributed to the verdict.' *State v. Corey*, 304 Kan. 721, 731-32, 374 P.3d 654 (2016)."
> 317 Kan. at 234.

Because Bentley's stipulation effectively decided the stipulated-to elements for the jury, "thereby paving the way for a guilty verdict," the Supreme Court found it "logical to consider whether the error here led to the stipulation. In other words, we will review whether there is a reasonable possibility the failure to inform Bentley of his right to jury trial led to his decision to enter the stipulation." 317 Kan. at 234. Our Supreme Court found several factors relevant, as advised by the United States Supreme Court in *United*

3

*States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004) (examining analogous issue whether defendant would still have pleaded guilty absent Rule 11 error under the Federal Rules of Criminal Procedure). Those factors are: (1) any representations the defendant or counsel made regarding the topic; (2) the overall strength of the case against the defendant; and (3) any possible defenses. *Bentley*, 317 Kan. at 235 (citing *Dominguez Benitez*, 542 U.S. at 85).

Our Supreme Court then reviewed the record and found that Bentley would have made the stipulation even had the court advised him of his right to jury trial. It so concluded because the facts Bentley had stipulated to were easily provable elements, Bentley would have had no defense to those elements had the State offered evidence to establish them, and there was no suggestion Bentley meant to defend his case based on those elements. 317 Kan. at 235. It thus concluded:

> "Bentley would have elected to stipulate to this element of the crimes even if he had been informed of his right to submit them to a jury on the State's evidence. We conclude beyond a reasonable doubt that the error did not affect Bentley's decision to enter the stipulation and, consequently, the error did not affect the trial's outcome. We affirm Bentley's convictions for possession of a firearm." 317 Kan. at 236.

*Munoz' analysis*

The sole issue for this court is thus whether the district court's *Johnson* error—failing to get a jury trial waiver from Munoz when he stipulated to the element that he had been convicted of a felony within five years of the charged offense—is harmless. We apply the *Bentley* analysis above, asking whether we find a reasonable possibility that the district court's failure to inform Munoz of his right to jury trial led to his decision to enter his stipulation. See 317 Kan. at 234.

4

First, we examine the stipulation that Munoz made. During trial, Munoz and the State jointly stipulated to one element of the crime of criminal possession of a firearm, as provided in K.S.A. 2018 Supp. 21-6304. That stipulation stated:

> "'The following facts have been agreed to by the parties and are to be considered by you as true:
>
> "1. That within five years proceeding on or about the 9th day of June, 2018, the defendant, Daniel Munoz, had been convicted of a felony other than those specified in subsection (a)(3)(A) of K.S.A. 21-6304, to wit:  Shawnee County Case 13CR995. Defendant further stipulates he was not found to be in possession of a firearm in case number 13CR995.'" *Munoz*, 2022 WL 129005, at *11.

As Munoz acknowledged on appeal, his stipulation was to one element of the crime of criminal possession of a firearm under K.S.A. 2018 Supp. 21-6304—that he had been convicted of a felony within five years of the charged firearm offense. This stipulation was substantially similar to the stipulation made by Bentley and many other defendants who wish to avoid having the State share details about their criminal history with the jury.

Second, we apply these factors:  (1) any representations the defendant or counsel made regarding the topic; (2) the overall strength of the case against the defendant; and (3) any possible defenses. *Bentley*, 317 Kan. at 235.

The record contains few representations Munoz and his counsel made about the stipulation. During voir dire, defense counsel explained to the potential jurors that the parties were stipulating to the fact that Munoz had a prior conviction, thus satisfying that element of the criminal possession of a firearm charge. Defense counsel asked the jury pool if they would be unable to give Munoz a fair trial knowing that he has a prior conviction on his record, and no jurors conveyed they would be unable to do so. During a break, the State explained to the court that it would be adding a certified copy of Munoz'

5

prior conviction to the record and that the parties would "do a stipulation on the record" as to that.

After selecting the jury and dismissing them for the day, the court revisited the stipulation. Defense counsel stated the prosecutor was "working on a stipulation to actually have us sign and present, but yes, we agree." The prosecutor responded that they would prepare a written stipulation and have it read into the record to the jury. After the trial court dismissed the jury at the end of the first day of the trial, the prosecutor said he would provide a draft of the stipulation for defense counsel to review the next day. The next day, the State presented the stipulation to the court as State's Exhibit 96, and a copy of the complaint and journal entry for the prior conviction as State's Exhibit 93. The State never offered Exhibit 93, however, and the parties admitted only State's Exhibit 96—the stipulation. The court read the stipulation to the jury, so the jury never saw or heard details about the complaint or the journal entry of Munoz' prior conviction.

Relatedly, when the parties had submitted their proposed jury instructions pretrial, Munoz proposed the following limiting instruction:

> "Evidence has been admitted tending to prove that [Munoz] committed a crime other than the present crimes charged. This evidence may be considered solely for the purpose of deciding whether the State has met its burden of proof in claims 2 and 3 of Count 3."

But at the jury instruction conference, defense counsel withdrew the proposed instruction, agreeing that "with the stipulation," the limiting instruction they had proposed before trial would be "unnecessary."

The representations that Munoz and his counsel made about the stipulation thus show that they desired to enter the stipulation, and that the stipulation benefitted Munoz

6

by keeping prejudicial information from the jury about the type and nature of Munoz' prior crime.

That is typical in this kind of case. A defendant's stipulation to a prior crime in a felon-in-possession case is encouraged by law. See *Old Chief v. United States*, 519 U.S. 172, 189-90, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) (If a criminal defendant offers to stipulate to his or her felon status, the State and the district court *must* accept that stipulation, contrary to the general rule that the State may prove its case against the defendant "free from any defendant's option to stipulate the evidence away."). This is because this kind of stipulation is for the defendant's benefit. See *State v. Lee*, 266 Kan. 804, 814-15, 977 P.2d 263 (1999) (adopting the reasoning of *Old Chief*, *United States v. Wacker*, 72 F.3d 1453, 1472-73 [10th Cir 1995], *Brown v. State*, 719 So. 2d 882, 886 [Fla. 1998], and *State v. Alexander*, 214 Wis. 2d 628, 634, 571 N.W.2d 662 [1997], and finding "[u]nless there is a dispute over the status of the prior conviction . . . the admission of the type and nature of the prior crime can only prejudice the jury").

Third, we examine the overall strength of the case against Munoz. He was found guilty of second-degree murder, attempted second-degree murder, criminal possession of a firearm, and theft. Criminal possession of a weapon by a felon under K.S.A. 21-6304(a)(2) is possession of any weapon by a person convicted of a person felony under certain statutes. This crime has only two elements. "To convict under this section, the State must prove the offender possessed a weapon and must also prove the prior felony conviction . . . had occurred within five years." *State v. Johnson*, No. 124,256, 2022 WL 17409883 at *2 (Kan. App. 2022), *rev. denied* 317 Kan. 848 (2023). Munoz' stipulation established his status for purposes of the charge of criminal possession of a firearm under K.S.A. 21-6304(a)(2) and had no relation to the other charges.

The record shows that the State had ample evidence to prove the only other element of the firearm crime not stipulated to—that Munoz possessed a weapon on the

date charged. Although we find it unnecessary to summarize all the evidence here, it is detailed in the panel's decision in Munoz' direct appeal. See 2022 WL 129005, at *2-10. The evidence included statements by Munoz' father to police soon after the shooting, which identified Munoz as the shooter, and jailhouse recordings of conversations in which Munoz urged his mother to persuade his father to retract his incriminating testimony. As the panel found:

> "The statements clearly showed that Munoz was aware that his father identified him as the shooter to the police, and these statements, unless retracted, would result in Munoz' convictions in the shootings. The statements also showed that Munoz conjured up a false scenario in which he was merely with a group of people at the shooting scene, innocently obtained the firearm, and unknowingly possessed the stolen car in which the murder weapon was found." *Munoz*, 2022 WL 129005 at *10.

The evidence against Munoz on this firearm count was strong and weighty.

Lastly, we review any possible defenses. Yet we find none. Had Munoz not chosen to stipulate to his prior person felony conviction, the State was prepared to prove it. And the facts Munoz stipulated to were easily provable elements. Munoz would have had no defense to those elements had the State offered evidence to establish them, and there was no suggestion that Munoz meant to defend his case based on those elements.

Considering all the facts, we conclude that Munoz would have elected to stipulate to this element of the crime even had he been informed of his right to submit it to a jury on the State's evidence. We conclude beyond a reasonable doubt that the error did not affect Munoz' decision to enter the stipulation and so the error did not affect the trial's outcome. We thus affirm Munoz' conviction for criminal possession of a firearm under K.S.A. 21-6304.

Affirmed.