**[J-19-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 17 WAP 2013
:
        Appellee : Appeal from the Order of the Superior
: Court entered January 4, 2013 at No.
: 1588 WDA 2011, affirming the Judgment
        v. : of Sentence of the Court of Common
: Pleas of Allegheny County entered August
: 31, 2011 at No. CP-02-CR-0009708-2010.
DUANE JEMISON, JR., :
: ARGUED:  April 8, 2014
        Appellant :


**DISSENTING OPINION**


**MR. JUSTICE BAER**                    **DECIDED:  August 18, 2014**

Appellant, Duane Jemison, Jr., had previously been convicted for his part in a 2008 robbery (hereinafter, the 2008 robbery conviction).  A felony, the 2008 robbery conviction also rendered Appellant ineligible to possess a firearm, pursuant to 18 Pa.C.S. § 6105.[1]

In the early morning hours of May 16, 2010, Pittsburgh Police observed a vehicle parked illegally in a handicapped parking space.  An officer checked the car's license plate on his computer, and learned that the vehicle had been stolen a few days earlier. Several officers arrived on scene and, when Appellant entered the car and began

---

[1] Pursuant to Section 6105(a), "[a] person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence . . . shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth."  18 Pa.C.S. § 6105(a).  Subsection (b) enumerates thirty-eight different crimes as disqualifying offenses, of which robbery is included.

backing out of the parking space, converged upon him. While Appellant initially complied with the officers' commands to keep his hands visible and exit the car, he eventually reached down to the floorboard, and an officer observed him grab for a firearm. The officers reacted immediately, pulled Appellant out of the car, and arrested him. While it was later determined that Appellant had no involvement in the theft of the vehicle, he was charged with, *inter alia*, one count of unlawful possession of a firearm because of the 2008 robbery conviction.

Prior to the subsequent trial, Appellant offered to stipulate that he was a person prohibited from possessing a firearm, thus keeping the 2008 robbery conviction from the jury and limiting the question presented to the jury to whether he in fact possessed a gun when confronted by police in 2010. The Commonwealth refused to accept the stipulation, arguing that the 2008 robbery conviction was a necessary component of proving the prior, enumerated offense element of the Section 6105 charge; and, because the Commonwealth is generally permitted to prove the elements of a crime with any proper evidence, the state should be permitted to enter the record of the 2008 robbery conviction into evidence. See Commonwealth v. Stanley, 446 A.2d 583 (Pa. 1982).

Appellant countered that, pursuant to the United States Supreme Court's decision in Old Chief v. United States, 519 U.S. 172 (1997), the Commonwealth should be compelled to accept the stipulation because the name of the disqualifying offense (the 2008 robbery conviction) risks unfair prejudice to Appellant, which outweighs the probative value of that conviction. Id. at 180. Reasoning that Stanley was the law of the Commonwealth and Old Chief, being a matter of federal evidentiary law was not controlling, the trial court agreed with the Commonwealth and permitted the jury to learn

of the robbery conviction.[2] At the conclusion of the trial, the jury convicted Appellant of violating Section 6105, and the court sentenced Appellant to a term of imprisonment of five to ten years. On appeal, the Superior Court affirmed, and this Court accepted review to determine whether the Commonwealth should no longer be permitted to enter into evidence the specific disqualifying offense when the defendant is willing to stipulate that he is a person prohibited from possessing a firearm because of a prior conviction.

In essence, resolution of this issue encompasses the singular question of whether this Court should adopt the decision in Old Chief as the law of Pennsylvania, and thereby, for purposes of Section 6105 cases, abrogate the rule in Stanley that the Commonwealth may introduce the specifics of the disqualifying offense to the jury. In that light, no party disputes that the evidence regarding the robbery conviction is relevant. Rather, the controversy concerns whether the probative value of the details of the 2008 robbery conviction is outweighed by a danger of unfair prejudice, pursuant to Pa.R.E. 403. The High Court in Old Chief, answered this in the affirmative, albeit under F.R.E. 403. For the reasons that follow, I would adopt the reasoning of Old Chief, apply it under Pa.R.E. 403, find that the trial court abused its discretion in not accepting Appellant's proffered stipulation, and remand for a new trial.

In full, Pa.R.E. 403 and the official comments thereto provide as follows:

> The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[2] The court subsequently instructed the jury that the robbery conviction could be used only as evidence supporting the element of the Section 6105 charge that Appellant had been convicted of a subsection (b) disqualifying offense, and not as evidence of Appellant's propensity to commit a crime.

> *Comment:* Pa.R.E. 403 differs from F.R.E. 403. The Federal Rule provides that relevant evidence may be excluded if its probative value is "substantially outweighed." Pa.R.E. 403 eliminates the word "substantially" to conform the text of the rule more closely to Pennsylvania law. See Commonwealth v. Boyle, 447 A.2d 250 (Pa. 1982).
>
> *Comment:* "Unfair prejudice" means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially.

Pa.R.E. 403 & cmts. As noted above, and Pa.R.E. 403 notwithstanding, the Commonwealth may utilize any appropriate evidence necessary to prove the elements of a crime and is not required to accept the defendant's tendered stipulations. Stanley, 446 A.2d at 588.[3]

Old Chief would alter that landscape, but is not binding on this Court, given that it decided the identical issue solely as a matter of federal evidentiary law. In Old Chief, the defendant, a Native American, had previously been convicted of federal aggravated assault on Indian land, which disqualified him federally from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1), as the assault was a crime punishable by imprisonment exceeding one year.[4] In a subsequent trial for illegal possession of a firearm, the defendant offered to stipulate that he had been convicted of a crime punishable by at least one year in prison and was thus prohibited from possessing a

---

[3]    Indeed, similar to the appeal at bar, the defendant in Stanley attempted to stipulate that he had previously been convicted of a crime of violence (which was the disqualifying standard of a previous iteration of Section 6105), the Commonwealth refused to so stipulate, and the appellate courts affirmed the Commonwealth's right to decline the admission.

[4]    Specifically, 18 U.S.C. § 922(g)(1) prohibits "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [from] ship[ping] or transport[ing] in interstate or foreign commerce, or possess[ing] in or affecting commerce, any firearm or ammunition; or [receiving] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

firearm for federal purposes. Consistent with this offer, the defendant further sought to preclude the prosecution from introducing the specifics of his prior aggravated assault conviction. The government refused to so stipulate, the district court countenanced that refusal, and the government subsequently informed the jury that the defendant had previously been convicted of assault causing serious bodily injury resulting in a sentence of five years of imprisonment.

On appeal to the United States Supreme Court, Justice Souter, writing for a 5-4 majority, first determined that the name and particulars of the disqualifying offense were relevant to proving the defendant's violation of Section 922(g)(1). The Court thus turned to F.R.E. 403, which permits a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.[5] The Court noted that unfair prejudice, as utilized within F.R.E. 403, speaks to the potentiality that otherwise relevant evidence will entice a jury to find a defendant guilty on grounds different from those needed to convict the defendant of the actual offense charged. Old Chief, 519 U.S. at 180. This danger of unfair prejudice includes the general use of a defendant's earlier bad act as evidence of bad character, thereby increasing the potentiality that the defendant will be found guilty of the crime now charged. Id. Accordingly, the High Court opined that if alternative evidence had substantially equivalent or greater probative value but a lesser danger of unfair prejudice, then the trial court should exclude the evidence that presents the unfair, prejudicial risk. Id. at 182-83.

After this review of the law, the Supreme Court concluded that the district court had abused its discretion by permitting the government to place into the record the

---

[5]     As will be expounded upon, infra, the federal standard of "substantially outweighed by a danger of unfair prejudice" is more exacting than the Pennsylvania benchmark of "outweighed by a danger of unfair prejudice." See also Pa.R.E. 403 cmt., supra pp.3-4.

details of the defendant's prior assault conviction because such evidence carried an inherent risk of unfair prejudice by tempting the jury into convicting the defendant based upon his bad character. Id. at 185. Conversely, the Court observed that the defendant's offered stipulation -- that he had been convicted of a crime subject to at least one year in prison -- provided the government all it needed to prove that element of 18 U.S.C. § 922(g)(1) in a much less intrusive and prejudicial manner. Id. at 191. While the High Court recognized that the government is normally entitled to prove its case in the manner it chooses, or, more precisely, that the accused may not stipulate his way out of presentation of the government's case, that rule has no force or application when it only goes to prove a defendant's legal status, such as his ability to possess a firearm legally. Id. at 187, 190. Simply put, in the Supreme Court's view, all the jury needed to know was that the prior conviction had disqualified the defendant from possessing a firearm, and anything else had no effect other than creating substantial danger of unfair prejudice.

At first blush, the appeal currently before this Court would seem to be on all fours with Old Chief: Appellant had a prior, disqualifying conviction; he offered to stipulate to the fact that he was a disqualified felon; and all of the dangers attendant to utilizing the prior conviction in court as identified by the High Court in Old Chief are implicated here. The Majority herein, however, has latched onto a singular statement by the Supreme Court in Old Chief regarding 18 U.S.C. § 922(g)(1): "[t]he statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies . . . ." Id. at 186, quoted in Maj. Slip Op. at 11. Accordingly, the Majority distinguishes this case from Old Chief, given that the Pennsylvania General Assembly chose to specifically enumerate the names of the

disqualifying offenses in 18 Pa.C.S. § 6105. In this regard, the Majority cites with approval State v. Ball, 756 So.2d 275, 278 (La. 1999), which held that "[b]ecause the Louisiana [disqualifying] statute defines the crime by specific enumerated prior offenses, contrary to the broad definition in the federal statute, Old Chief is distinguishable."

Respectfully, such distinguishment in my view elevates form over substance. Whether a defendant stipulates to being a disqualified felon under a more general statute, or a disqualified felon under a specifically enumerated provision, "the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." Old Chief, 519 U.S. at 185. Under this reasoning, the Supreme Court of Kansas, in examining a statute practically identical to Pennsylvania's Section 6105(a)(1), adopted Old Chief despite the disqualifying statute enumerating specific offenses, reasoning:

> In a firearm criminal possession case, what fact does the State seek to establish by offering into evidence a defendant's prior record through a journal entry? The answer is the defendant's status as a prior convicted felon. [The defendant] agreed to stipulate to prior convicted felon status. We see no need to admit into evidence a journal entry reflecting the type and nature of a prior conviction in order to prove that [the defendant] was a convicted felon.

State. v. Lee, 977 P.2d 263, 269 (Kan. 1999).[6] Given that both F.R.E. 403 and the Kansas equivalent exclude evidence based upon "unfair prejudice,"[7] the Kansas

---

[6] See also State v. Murray, 169 P.3d 955, 972 (Haw. 2007) (recognizing "the potential for unfair prejudice to a defendant charged with a status offense if the jury knows 'the name and nature' of the previous offenses."); Sams v. State, 688 N.E.2d 1323 (Ind. Ct. App. 1997) (adopting Old Chief and noting that a defendant in a DUI case was prejudiced by the government placing into his evidence defendant's entire driving record, rather than accepting defendant's proffered stipulation that his license was already suspended for life).

Supreme Court agreed with the Old Chief majority that unless the parties are disputing the substance of the prior conviction itself, the admission of the name and circumstances of the prior conviction can only serve to prejudice the jury. Id. at 270. The Kansas Court found that there were no "countervailing interests" to support the contrary in a legal status case. Id.

The analysis of the Kansas Supreme Court is not only sound, but indeed has even more force when analyzed under Pa.R.E. 403. As noted above, the Kansas and Federal rules regarding unfair prejudice only exclude the evidence if the probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice. See K.R.E. 60-445; F.R.E. 403. The Pennsylvania counterpart (Pa.R.E. 403), however, permits exclusion if the probative value is outweighed by the danger of unfair prejudice, omitting the qualifying modifier "substantial." In other words, the risk of unfair prejudice need not be as great in Pennsylvania. Yet, what constitutes unfair prejudice under both the Federal (and Kansas) and Pennsylvania rules is identical: the suggestion that the evidence presented may lead to a jury's verdict being upon some improper ground.[8]

I recognize that neither iteration of Rule 403 will prohibit the entry of evidence proffered to give a defendant the ability to sanitize otherwise harmful testimony when those facts are otherwise pertinent to the case at hand, or offered in furtherance of the

---

(…continued)

[7]    Like F.R.E. 403, Kansas excludes "relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." Lee, 977 P.2d at 270 (citing K.S.A. 60-445).

[8]    Compare Pa.R.E. 403, cmt ("'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."), with Old Chief, 519 U.S. at 180 (defining "unfair prejudice" as used in F.R.E. 403 as the potentiality of otherwise "relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.").

natural development of the offenses committed. See Old Chief, 519 U.S. at 187; Commonwealth v. Dillon, 925 A.2d 131, 141 (Pa. 2007). However, as both the U.S. Supreme Court in Old Chief and the Kansas Supreme Court in Lee recognized, these considerations have "virtually no application when the point at issue is a defendant's legal status." Old Chief, 519 U.S. at 190; see also Lee, 977 P.2d at 269-70. In these circumstances, if the defendant offers to stipulate to his status, the exclusion of certain other facts, such as the details of a prior criminal conviction, is appropriate because the probative value of the evidence is maintained, but the danger of unfair prejudicial effect is reduced or eliminated. See Roger Park & Tom Lininger, The New Wigmore. A Treatise on Evidence: Impeachment and Rehabilitation, § 3.4 (2014).

Accordingly, in light of the cited precedent, with special emphasis on the U.S. Supreme Court decision in Old Chief, and the fact the Pennsylvania evidentiary standard is less exacting than its Federal and Kansas counterparts, I would hold that the trial court abused its discretion in not accepting Appellant's proffered stipulation that he had previously committed an enumerated crime, which therefore rendered him a person not to possess a firearm. I would further conclude that the General Assembly's enumeration of the specific disqualifying offenses in Section 6105(b) is of no moment to the analysis. Appellant's admission that he, at one time in the past, was convicted of a disqualifying offense satisfies that element of Section 6105(a); the Commonwealth needs nothing more. Put differently, it establishes his legal status as a disqualified, convicted felon, thus preserving the probative value of the evidence while reducing the danger of unfair prejudice that inherently is associated with the prosecutor informing the jury that Appellant had previously been convicted of robbery, the circumstances of the robbery, and if Appellant served any time in prison. Accord Old Chief, 519 U.S. at 190-92. As the Majority reaches a contrary result, I respectfully dissent.

Mr. Chief Justice Castille, Mr. Justice Eakin, Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Justice Saylor joins this dissenting opinion.